**Milton L. DUREL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19338.**

United States Court of Appeals Fifth Circuit.

Dec. 21, 1961.

Supplemental Opinion March 1, 1962.

Rehearing Denied May 21, 1962.

Hilary J. Gaudin, E. K. Tillman, New Orleans, La., for appellant.

Peter E. Duffy, Asst. U. S. Atty., New Orleans, La., for appellee.

Before BROWN, WISDOM and BELL, Circuit Judges.

PER CURIAM.

The United States having filed its motion to dismiss the appeal for failure to file a timely notice of appeal, and there being doubt and uncertainty as to the facts which actually occurred in the trial Court, this Court hereby requests that the Honorable Herbert Christenberry, the Trial Judge, prepare and file with this Court through the Clerk of the United States District Court for the Eastern District of Louisiana, a certificate setting forth the facts concerning the giving of notice of appeal, written or oral, the actions, if any, taken by the Court, notations made by Court or Clerk or both in connection therewith including the application for release on bond, the approval, if any, of bail pending the appeal, and any and all other related matters bearing upon or evidencing the giving of a requisite notice of appeal. For the assistance of the trial Court, a duplicate original set of the papers in connection with the motion and response thereto filed in this Court are to be transmitted with this Order. The Trial Judge is to be free to hold such hearings and to obtain from counsel on both sides whatever briefs, memoranda, statements of facts as the Court shall deem helpful to the end that this Court will have full, accurate and detailed information on all significant issues.

## 584

### Supplemental Opinion

Upon consideration of the motion filed by the Government, we are of the opinion that the motion to dismiss the appeal must be granted.

■ F.R.Crim.P. 37(a) (2), 18 U.S. C.A. provides that "An appeal by a defendant may be taken within 10 days after entry of the judgment * * *." F. R.Crim.P. 45(b) provides that " * * * the court may not enlarge * * * the period for taking an appeal." The history, purpose, and construction of the 45 (b) limitation have been thoroughly dealt with in United States v. Robinson, 1960, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, and nothing would be gained by repetition here. As shown by the record and as amplified by the certificate of the trial Judge filed pursuant to our request, it is uncontradicted that the judgment was rendered on October 4, 1961, and the notice of appeal, though dated October 27, 1961, was not filed until November 3, 1961. This was too late.

■ The question remains as to whether the oral statement given in open court was sufficient to satisfy the requirements of F.R.Crim.P. 37(a).

On October 4, 1961, immediately after sentence was imposed on Durel and while court was still in session, and in response to questions by the Court for information bearing on execution of the sentence or release on bail, the following colloquy took place between the Judge and Durel's attorney:

> "ATTORNEY: We would like to file a formal motion, may it please the court, at this particular time that it is our intention at this moment to take an appeal.
> "THE COURT: In other words, you intend to file a notice of appeal?
> "ATTORNEY: Yes, sir."

But no notice was filed. The intended filing never took place until it was too late. Even assuming that this was a declaration of a present purpose, rather than an expression of an intent to do a future act, O'Neal v. United States, 5 Cir., 1959, 264 F.2d 809, makes it quite clear that in this situation oral statements cannot take the place of the signed writing.

Consequently, no notice of appeal being filed within the required time, the Court lacks jurisdiction.

Appeal dismissed.