Joshua Lee CALLAND, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 14172.

United States Court of Appeals Seventh Circuit.

Oct. 10, 1963.

Knoch, Circuit Judge, dissented.

Edwin A. Rothschild, Chicago, Ill., Joshua Lee Calland, for appellant.

Alfred W. Moellering, U. S. Atty., Joseph F. Eichhorn, Asst. U. S. Atty., Fort Wayne, Ind., for appellee.

Before SCHNACKENBERG, KNOCH and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Joshua Lee Calland, petitioner, has appealed from an order of the district court entered January 17, 1963, which denied his motion of October 30, 1962 requesting that the court grant him the right to appeal his conviction and sentence by the district court on April 10, 1962, despite petitioner's explanation that, although the time for filing a notice of appeal had long since expired when his motion was filed, the delay was occasioned by the fraud and ineffective assistance of counsel.

The motion upon which the district court ruled was subscribed and sworn to by petitioner before a parole officer in the United States penitentiary, where undoubtedly petitioner is serving said sentence, the total effect of which was to impose a term of imprisonment of 10 years.

According to the verified motion, Wayne Miller, counsel for petitioner at his trial, failed to provide effective assistance to defendant.

The district court also had before it, when it made its ruling of January 17, 1963, petitioner's so-called motion to show cause in which it is alleged that petitioner was tried on April 10, 1962 for a violation of 18 U.S.C. §§ 1708 and 495, and that immediately after sentence was imposed petitioner instructed his attorney to give notice of appeal, which counsel agreed to do; that on April 11, 1962, in the Allen County jail, he again instructed his counsel to give notice of appeal and obtain transcript of the proceedings, which counsel agreed to do, but that he "has never heard from or seen defense counsel since the conference of April 11, 1962."

Said motion also alleges that on April 19, 1962, he conferred at the county jail with attorney Norbert L. Wyss and retained him to file the notice of appeal and pay the filing fee of $5; and on April 23, 1962 he paid attorney Wyss $200 for his services in filing the notice of appeal and starting the appeal, pursuant to 18 U.S.C.A. rule 37(a) (2), Federal Rules of Criminal Procedure. The next day, according to petitioner's motion, he was removed to the United States penitentiary and later transferred to the penitentiary where he is now confined. According to the motion, petitioner on May 28, 1962 received a letter from attorney Wyss stating that he was working in all haste on the motion, but, on or about August 24, 1962, petitioner received a copy of the docket sheet from the district court which revealed that no notice of appeal was filed in the district court, no motion was there made to support an appellate review and Wyss' name did not appear on said docket sheet.

On October 24, 1962, according to the motion, petitioner received from attorney Wyss a letter stating that he had held conferences with one Carol Honess, an investigating agent, the district attorney and various policemen and that "He feels the success of an appeal is nil."

On the basis of the charges of petitioner that there was ineffective assistance of counsel and that counsel had perpetrated fraud and misrepresentation upon him, we granted leave to petitioner to proceed in *forma pauperis* in this court, and appointed attorney Edwin A. Rothschild of the Illinois bar to represent him.

Said rule 37(a) (2) provides, in part: "* * * An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, * * *. When a court after trial imposes sentence upon a defendant not represented by counsel, the defendant shall be ad--

vised of his right to appeal and if he so requests, the clerk shall prepare and file forthwith a notice of appeal on behalf of the defendant.

\* \* \* "

Assuming, only for the purposes of this opinion, the truth of the allegations of facts by petitioner, it is evident that he was desirous of having a review by this court of his conviction and that he in effect so instructed attorney Miller, who represented him at the trial. He gave this instruction twice, once immediately after sentencing and again on the following day, and his lawyer agreed to act accordingly. After the expiration of nine days, not hearing from his attorney, he retained attorney Wyss for the same purpose and thereafter paid him a substantial fee as a retainer, only to learn several months later that the docket of the district court did not show that a notice of appeal had been filed. Not until October did he learn that attorney Wyss considered his appeal would be fruitless.

The United States Supreme Court said in Coppedge v. United States, 369 U.S. 438, 441, 82 S.Ct. 917, 919, 8 L.Ed.2d 21:

"Present federal law has made an appeal from a District Court's judgment of conviction in a criminal case what is, in effect, a matter of right. That is, a defendant has a right to have his conviction reviewed by a Court of Appeals, and need not petition that court for an exercise of its discretion to allow him to bring the case before the court. The only requirements a defendant must meet for perfecting his appeal are those expressed as time limitations within which various procedural steps must be completed. First, a timely notice of appeal must be filed in the District Court to confer jurisdiction upon the Court of Appeals over the case. \* \* \* "

In Coppedge, at 442 of 369 U.S., at 919 of 82 S.Ct., the court remarked:

"The indigent defendant will generally experience no material difficulty in filing a timely notice of appeal. \* \* \* "

It added, however, in footnote 5, p. 442 of 369 U.S., p. 919 of 82 S.Ct., language indicating that it favored "a liberal view of papers filed by indigent and incarcerated defendants, as equivalents of notices of appeal \* \* \* ".

In Boykin v. Huff, 73 App.D.C. 378, 121 F.2d 865, the petitioner within the time for appeal had written to the trial judge from the district jail, stating that he did not know if he was represented by counsel and advising the judge of his "desire to appeal". There followed a lengthy correspondence in which the petitioner requested the aid of counsel for appeal and the judge advised the petitioner that he must employ private counsel. The Court of Appeals considered the informal letter constituted a notice of appeal.

In the case at bar petitioner had at least attempted to safeguard his rights by securing counsel to represent him, and presumptively was in a more secure position than was the prisoner in Boykin, who was not represented by counsel but whose right of appeal was upheld on the facts of that case. In the case at bar, if petitioner's representations of fact are true, he had a right to rely upon his attorney to perfect his appeal and the failure of both of his successive counsel to do so cannot be permitted to work a forfeiture of his right of review by this court, if we may by analogy apply the liberal view suggested by the Supreme Court, in Coppedge, p. 442, note 5 of 369 U.S., p. 919 of 82 S.Ct., supra, p. 407.

In the light of these holdings, we now note that in his brief, petitioner's counsel expressly disclaims that petitioner is proceeding under 18 U.S.C.A. rule 45(b).[1]

1. "(b) When an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice, order the period enlarged if application therefor is made before the expiration of the period orginally prescribed or as extended by a previous or-

He also repudiates any claim of excusable neglect, but positively asserts that this is not a case of neglect but of *fraud;* that he does not seek an enlargement of time, but asks only that effect be given to his timely and diligent effort to perfect his appeal. He asserts that, whatever may be the rule as to negligence of counsel, it is clear that fraud may vitiate the entire relationship. The distinction between a charge of neglect and a charge of fraud is emphasized by Dodd v. United States, 9 Cir., 321 F.2d 240 (1963), where a prisoner sought relief under 28 U.S.C.A. § 2255 because of an appointed attorney's failure to file notice of appeal although requested to do so. The court, at 243 of 321 F.2d pointed out that:

"Many of the grounds often asserted to sustain lack of effective assistance of counsel do not justify a hearing or entitle a petitioner to relief. Of such character are contentions as to the 'competence of counsel.' "

However, the court thereupon referred to Kennedy v. United States, 5 Cir., 259 F.2d 883 (1958), cert. denied 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, which

" * * * requires a showing of 'misconduct of his counsel amounting to a breach of his legal duty faithfully to represent his client's interests * * *.' "

Thus, it seems to us, Dodd recognizes the distinction between a charge as to the competency of counsel and a charge of fraud by counsel.

The government relies on United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259. In that case the court pointed out that the single question presented was whether the filing of a notice of appeal in a criminal case, after expiration of the time prescribed in rule 37(a) (2), confers jurisdiction of the appeal upon the court of appeals if the district court, proceeding under rule 45

(b), has found that the late filing of the notice of appeal was the result of excusable neglect.

The court held that rule 45(b), relied upon by Robinson, plainly provides " * * * the court may not enlarge * * * the period for taking an appeal."

In view of the fact that here petitioner does not rely upon this rule and that his counsel in this court expressly disclaims relief on the ground of excusable neglect, we feel that Robinson is inapposite, especially when petitioner relies expressly upon a charge of fraud, which if not met forthrightly by this court would result in a deprivation of appeal, which the Supreme Court says is a matter of right. Coppedge v. United States, supra 441 of 369 U.S., 919 of 82 S.Ct.

A federal court has inherent power to investigate whether a judgment was obtained by fraud and the power to unearth such a fraud is the power to unearth it effectively. Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447. The court there said:

" * * * Accordingly, a federal court may bring before it by appropriate means all those who may be affected by the outcome of its investigation. * * * "

■ We agree with counsel for appellant that one, who justifiably believes that he is represented by counsel and who instructs his counsel to appeal and is assured by counsel that the appeal will be filed, should not suffer a loss of rights if counsel proves faithless, any more than a defendant whose appeal was delayed in the mails, Reynolds v. United States, 5 Cir., 288 F.2d 78 (1961), or was delayed by act of a court or prison official, Williams v. United States, 88 U.S.App.D.C. 212, 188 F.2d 41 (1951), Wallace v. United States, 8 Cir., 174 F.2d 112 (1949). Moreover, in the case at bar,

der or (2) upon motion permit the act to be done after the expiration of the specified period if the failure to act was the result of excusable neglect; but the court

may not enlarge the period for taking any action under Rules 33, 34 and 35, except as otherwise provided in those rules, or the period for taking an appeal."

those charged with fraud are officers of the court under whose sanction they are permitted to practice their profession therein and represent persons who have been made parties to cases before the courts. Therefore, a special reason exists for the court in this case to confront the lawyers named by petitioner with his charges and to thoroughly determine the truth, or falsity thereof.

We have made clear that the application of our remarks to this case depends upon the truth of the factual allegations of petitioner. We realize that vital rights of petitioner are involved in this proceeding, but we also are conscious of the fact that attorneys Miller and Wyss, as officers of the district court, are entitled to be heard in some forum in reference to the charges which petitioner has made.

■ For these reasons, we vacate the order from which petitioner has appealed and remand this cause to the district court with directions to cause the production of petitioner in open court at a hearing, at which the court will require the attendance of attorneys Wayne Miller and Norbert L. Wyss and shall hear them, as well as petitioner, and any other competent evidence that may be offered relevant to the purpose of this remandment, and the said district court upon the conclusion of said hearing, at which the government as well as petitioner may be represented by counsel, shall make findings of fact and conclusions of law and thereupon enter a new final order based upon the record as supplemented by said findings and conclusions, in which new order the court shall again rule on petitioner's motion of October 30, 1962, supra 1. United States v. Keig, 7 Cir., 320 F.2d 634, July 24, 1963.

We appointed Attorney Edwin A. Rothschild, Esq., a member of the bar of Illinois, to represent petitioner. Mr. Rothschild has generously rendered diligent and effective service to the petitioner and we express our appreciation therefor.

Order vacated with directions.

KNOCH, Circuit Judge (dissenting).

I regret that I must dissent in this case. In his brief appellant invited our attention to the recent case of W. C. Dodd v. United States of America, 9 Cir., 1963, 321 F.2d 240. W. C. Dodd asserted, as appellant here asserts, that his counsel failed to file timely notice of appeal after being instructed to do so.

The Ninth Circuit analyzed the line of cases dealing with the problems attendant on failure of counsel to file timely notice of appeal. The Court there found that these cases demonstrated the principle that not only would relief be denied where failure to appeal was sought to be excused by mere neglect of counsel, or where there had been a knowing or calculated decision not to appeal, but

"[I]n any event there would have to be the additional showing of 'plain reversible error at the trial' in order for relief to be granted."

Counsel for appellant in oral argument before us observed correctly that a timely notice to appeal is not required to include an allegation of plain reversible error at the trial. Unlike appellant here, W. C. Dodd and Henry Franklin Boruff in Boruff v. United States of America, 5 Cir., 1962, 310 F.2d 918 (on which appellant also relies), both did allege reversible errors purportedly committed at the trial. The Ninth Circuit in Dodd remanded the cause to the District Court to:

"(2) Hold a hearing, make findings and determine if there was an 'intentional relinquishment' of petitioner's 'known right' to appeal, by a 'considered choice' on his own part.

"(3) If there was no intentional relinquishment of petitioner's right to appeal, then as a further part of the hearing, consider evidence, making findings and determine if petitioner suffered any prejudice in not securing a review by appeal of his trial, conviction and sentence."

Appellant Joshua Lee Calland has not filed a timely notice of appeal for which

allegation of plainly reversible error is, of course, not required. Nor has he asked this Court merely to take a liberal view of some document which was timely filed as an equivalent of notice of appeal. Appellant is asking this Court to accept as a notice of appeal, his petition filed more than 6 months after expiration of the 10-day period provided by statute. This represents a longer lapse of time than involved in any of the cases cited by appellant. It seems only proper for the orderly administration of justice to require something more than a bare allegation of counsel's disregard of a promise to act on appellant's instructions to appeal, namely: a showing of plain reversible error.

I would affirm the order of the District Court.