UNITED STATES of America

v.

Walter D. CANNADY.

Cr. No. 87–63.

United States District Court
District of Columbia.

Jan. 22, 1964.

YOUNGDAHL, District Judge.

On November 8, 1963, the defendant appeared before this Court to be sentenced. After sentence had been imposed, the Court asked the defendant whether he wished to appeal, and he replied that he did. The Court then instructed counsel, who was retained, to perfect the necessary appeal papers within the ten-day period required by Rule 37 (a) (2), Fed.R.Crim.P. On January 16, 1964, the Court received from the defendant, in jail, a letter dated January 10, 1964, in which the defendant asked about the status of his appeal and claimed he had heard nothing from his attorney since the date of the imposition of sentence. The Court immediately investigated the matter and found, indeed, that the attorney had taken no steps at all to perfect the appeal.

Fortunately, on November 10, 1963— two days after the sentence and thus well within the ten-day period—defendant wrote a letter to the Court asking for a reduction in his bond pending appeal. In that letter, received on November 13, 1963—also within the ten-day period— defendant gave his complete name, the date and amount of the sentence, a statement of the offense ("Harrison Nar. Act. —Charge"), the place of confinement ("200 19th St. S. E. Wash. D.C."—which is the address of the District of Columbia Jail), and his signature. In addition, in the body of the letter, defendant wrote in part as follows:

> "Your Honor, I think everything depend on my makeing bond. I told you I thought I needed help. I also think I need to start helping my self. I must somehow get a job and start paying a good Attorney, this time. *And if I can get a reversal.*" (Emphasis added.)

The above letter, in the circumstances of this case, must be deemed to satisfy the requirements of Rule 37(a) (1), Fed.

R. Crim.P., which reads in pertinent part as follows:

"*Notice of Appeal.* An appeal permitted by law from a district court to a court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate. \* \* \* The notice of appeal shall set forth the title of the case, the name and address of the appellant and of appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of confinement if the defendant is in custody and a statement that the appellant appeals from the judgment or order. The notice of appeal shall be signed by the appellant or appellant's attorney \* \* \*."

The statement, "if I can get a reversal," amounts to a statement that he appeals from the judgment. The fact that defendant did not send two copies of his letter, that he did not file the letter with the clerk, that he omitted the exact title of the case, and that he failed to state the name and address of his attorney, are completely inconsequential omissions in the context of this case. Cf. O'Neal v. United States, 272 F.2d 412 (5th Cir. 1959).

Therefore, it is by the Court this 22nd day of January, 1964,

Ordered that the defendant be and he hereby is deemed to have perfected his appeal within the ten-day period, and it is

Further ordered that defendant shall be and he hereby is permitted to prosecute his appeal in forma pauperis, with complete transcript, and it is

Further ordered that defendant's request for appointment of counsel be referred to the Court of Appeals in accord with the usual procedure.