**UNITED STATES of America,
Appellee,**

v.

**Elam Reamuel TEMPLE, Appellant.**

**Nos. 10653–10656, 10693.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1966.

Decided Nov. 17, 1966.

Certiorari Denied March 13, 1967.

See 87 S.Ct. 1024.

E. L. Culbreth (Elam Reamuel Temple, pro se, on the brief), for appellant.

Alton T. Cummings, Asst. U. S. Atty., for appellee.

Before J. SPENCER BELL, WINTER and CRAVEN, Circuit Judges.

J. SPENCER BELL, Circuit Judge.

Defendant Temple, an attorney, was tried and convicted in the district court in March 1966 on a charge of criminal contempt of court.[1] On March 31, 1966, judgment was entered suspending imposition of sentence, fining defendant 500 dollars, and placing him on probation

---

1. An earlier conviction had been reversed by this court in United States v. Temple, 349 F.2d 116 (4 Cir. 1965).

for 18 months. Immediately following pronouncement of judgment, defendant's attorney gave oral notice of appeal in open court. The court agreed at that time that the 1,000-dollar bond then in effect would be acceptable as appeal bond.[2] On May 10, 1966, written notice of appeal was filed as required by Rule 37(a)(1) of the Federal Rules of Criminal Procedure and docketed under No. 10,653. The Government filed a motion in this court to dismiss the appeal on the ground that notice of appeal was untimely, not having been filed within 10 days after entry of judgment in accordance with Rule 37(a)(2).

■ It is well settled that "the filing of a notice of appeal within the 10-day period prescribed by Rule 37(a)(2) is mandatory and jurisdictional." United States v. Robinson, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960); Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012 (1964). See also Dennis v. United States, 177 F. 2d 195 (4 Cir.1949). In the *Robinson* case, the Supreme Court held that the district court lacks power to extend the time for filing or to permit late filing of notice of appeal on the basis of excusable neglect since Rule 45(b) expressly states that "the court may not enlarge * * * the period of taking an appeal."[3]

■ We recognize that under some circumstances jurisdiction may exist in the court of appeals even though notice of appeal was not actually filed with the clerk within the 10-day period specified by Rule 37(a)(2). In Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L. Ed.2d 760 (1964), the indigent defendant asked after sentencing if he could appeal "as an insolvent." The court replied that "the Government provides for that." Immediately thereafter, defendant had a brief conference with his court-appointed attorney, who advised defendant that he (the attorney) would not handle the appeal. Throughout the remainder of the appeal period defendant was confined in prison hospital facilities and permitted no visitors. Defendant wrote letters dated 8 days after judgment was entered against him to the clerk of the court asking for a new trial and for an appeal, which letters were received by the clerk 14 days after judgment. It was disclosed during oral argument that mail was sent out from the prison only twice weekly and that this could have caused the delay. The Court observed that "although the Government had the opportunity, it introduced no evidence—and admitted on oral argument that it had none—to dispute the record facts that petitioner had done all that could reasonably be expected to get the letter to its destination within the required 10 days." Id. at 144, 84 S. Ct. at 1692. The Court thus held that "[s]ince petitioner did all he could under the circumstances, we decline to read the Rules so rigidly as to bar a determination of his appeal on the merits." Ibid. In Calland v. United States, 323 F.2d 405 (7 Cir. 1963), defendant alleged that fraud of his counsel was the reason for no notice of appeal being filed and expressly disclaimed that he was seeking relief under Rule 45(b) on grounds of

2. The transcript reads as follows:
 "MR. HINSDALE [Defendant's attorney]: We object to the judgment of the Court and give notice of appeal to the Circuit Court of Appeals.
 "THE COURT: All right, sir. Let his notice be.
 "MR. HINSDALE: He is under at the present time $1,000.00 bond. I suppose that would be sufficient.
 "THE COURT. Yes, sir, appearance bond $1,000.00 accepted.
 "MR. HINSDALE: Would the present bond—
 "THE COURT: Yes, sir.

 "MR. HINSDALE: All right.
 "THE COURT: He may be released under his present bond."

3. We are pleased to note that this holding has been modified by the following amendment to Rule 37(a)(2), effective July 1, 1966: "Upon a showing of excusable neglect, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed to any party for a period not to exceed 30 days from the expiration of the original time prescribed by this paragraph."

excusable neglect. The court held that United States v. Robinson, supra, was therefore not applicable and that, if defendant's allegation of fraud was found to be true in a district court hearing, the court could consider the appeal under its "inherent power to investigate whether a judgment was obtained by fraud * * *" 323 F.2d at 408. However, neither *Fallen* nor *Calland* is applicable to the facts of the present case.

Defendant contends that his oral notice of appeal in open court, which was incorporated into the record of the case, was sufficient to satisfy the requirement of Rule 37(a) (1), so that his notice of appeal was timely given under Rule 37 (a) (2). Oral notice of appeal given in open court has generally been held insufficient to constitute filing of notice under Rule 37(a) (1). Durel v. United States, 299 F.2d 583 (5 Cir. 1962); United States v. Isabella, 251 F.2d 223 (2 Cir. 1958). Defendant argues, however, that oral notice of appeal should be considered sufficient under the cases of Collier v. United States, 384 U.S. 59, 86 S.Ct. 1253, 16 L. Ed.2d 353 (1966), and O'Neal v. United States, 272 F.2d 412 (5 Cir. 1959).

Collier v. United States, supra, is not relevant to the facts of the present case. The Supreme Court in that case held that the defendant's filing of written notice of appeal was timely under the literal wording of Rule 37(a) (2). The Rule (which has since been amended) provided:

"An appeal by a defendant may be taken within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion."

Since the motion for a new trial was filed by the defendant within 10 days and since notice of appeal was filed within 10 days after denial of the motion, the Supreme Court held that the defendant had complied with Rule 37(a) (2), notwithstanding the fact that the defendant's motion for a new trial was untimely under Rule 33, which required that such motion be filed within 5 days after entry of judgment.[4] The defendant in the present case filed no motion within the 10-day period following the entry of judgment.

O'Neal v. United States, supra, which is cited by the defendant, is illustrative of a line of cases which, giving a liberal construction to Rule 37(a) (1), consider any paper filed by the defendant with the clerk or with the court within the 10-day period to be written notice of appeal if it substantially complies with the requirements for content set forth in the Rule.[5] In *O'Neal* the defendant filed an appeal bond with the clerk on the day that judgment was entered against him, and the court found that "[t]he recitals of that bond are entirely adequate to be accepted as a notice of appeal * * *" 272 F.2d at 413. [Footnote omitted.] Likewise, letters sent to the clerk, Belton v. United States, 104 U.S.App.D.C. 81, 259 F.2d 811 (1958), or to the court, United States v. Cannady, 34 F.R.D. 211 (D.D.C.1964), have been considered suf-

---

4. The subsequent amendment to Rule 37 (a) (2), which became effective on July 1, 1966, provides:

"If a timely motion in arrest of judgment or for a new trial on any ground other than newly discovered evidence has been made, an appeal from a judgment of conviction may be taken within 10 days after the entry of the order denying the motion."

The time for filing motion for a new trial under Rule 33 has now been extended to 7 days, effective July 1, 1966.

5. " * * * The notice of appeal shall set forth the title of the case, the name and address of the appellant and of appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of confinement if the defendant is in custody and a statement that the appellant appeals from the judgment or order. The notice of appeal shall be signed by the appellant or appellant's attorney * * *" Fed. R.Crim.P. 37(a) (1). These requirements have been simplified somewhat by recent amendment to the Rule, effective July 1, 1966.

ficient. See Coppedge v. United States, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), and cases cited therein. No case has been found which supports a finding that an *oral* notice of appeal is sufficient to satisfy Rule 37(a) (1). In fact, the Fifth Circuit, which decided the *O'Neal* case, rejected that contention in a case decided after *O'Neal* Durel v. United States, supra.

█ We do not decide that an oral notice of appeal transcribed into the record would never be sufficient to invoke jurisdiction in the court of appeals. Rather, we hold that the case before us does not present a situation in which such notice can be considered adequate. The defendant is an attorney and was represented during the trial by retained counsel. He was free under bond during and after the trial. Furthermore, he had, with assistance of the same counsel who gave oral notice of appeal in the present case, perfected a prior appeal to this court in this same cause. If the Rule is to be applied at all, it should be applied in this case. We therefore dismiss the appeal because notice was not timely filed in compliance with Rule 37(a).

█ The defendant filed four other notices of appeal in this matter, which we shall consider seriatim. A judgment revoking defendant's probation on the ground that he refused to submit to supervision was entered by the district court on May 5, 1966, and defendant filed timely notice of appeal, docketed under No. 10,654, later supplemented by a second notice docketed under No. 10,656. In that judgment the district judge imposed a sentence of one year, 6 months active sentence with the remaining 6 months suspended, and 18 months probation to commence at the expiration of the active sentence upon condition that the defendant pay a 500-dollar fine. The record shows, and indeed the defendant admits, that the defendant informed the probation officer that he would not sub-

mit to supervision as required by probation. Such action clearly constitutes grounds for revoking probation, and the defendant has not alleged or shown any abuse of the trial judge's discretion in doing so. We therefore grant the Government's motion to dismiss defendant's appeal from the trial judge's revocation of probation as frivolous.

█ Second, the Government moves that No. 10,654 be remanded for proper sentencing, the Government conceding that the sentence imposed upon revocation of probation is illegal. The defendant was originally prosecuted under 18 U.S.C. § 401 (1964), which provides for punishment by "fine *or* imprisonment" for the offense of criminal contempt of court. [Emphasis added.] Section 3651 of the 18 U.S.C. provides:

> "Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment."

It follows, therefore, that the court may not impose a fine *and* place the defendant on probation if the offense is punishable by fine *or* imprisonment. Cf. Mitchem v. United States, 193 F.2d 55 (5 Cir. 1951); United States v. Taylor, 305 F.2d 183 (4 Cir. 1962). We think this limitation is applicable where the fine is made a condition of probation.[6] In remanding the case for resentencing, we call the district court's attention to the Supreme Court's mandate of June 6, 1966, that no sentence of more than six months may be imposed for criminal contempt in the absence of a jury trial. Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629.

We grant the Government's motion to dismiss as untimely filed the defendant's appeal, No. 10,655, from the district court's denial of defendant's motion, filed

6. We are aware of the decision of this court in Hollandsworth v. United States, 34 F.2d 423 (4 Cir. 1929). However, the holding of this case with regard to fine and probation has been superseded by the 1948 revision of the probation statute. See Revisor's Notes, 18 U.S.C.A. § 3651 (1951).

April 24, 1966, to file a notice of appeal from the March 31, 1966, judgment. Notice of appeal was filed 14 days after denial of the motion.

 Defendant filed timely notice of appeal, docketed under No. 10,963, from an order of the district court denying defendant a new trial. Since the motion was filed more than five days after the entry of judgment, the defendant may gain a new trial only by a showing of newly discovered evidence. Fed.R. Crim.P. 33; Mills v. United States, 281 F.2d 736 (4 Cir. 1960). The defendant did not allege newly discovered evidence as a ground for his motion below, nor has he stated any facts indicating that such evidence exists. Therefore, on motion of the Government, we dismiss the appeal as frivolous. Spaulding v. United States, 279 F.2d 65 (9 Cir.), cert. denied, 364 U.S. 887, 81 S.Ct. 177, 5 L.Ed.2d 107 (1960); Pitts v. United States, 263 F.2d 808 (9 Cir. 1959).

The appeals docketed under Nos. 10,653, 10,655, and 10,963 are dismissed. The appeal docketed under Nos. 10,654 and 10,656 is dismissed in part and the case is remanded for resentencing in accordance with this opinion.

Remanded.

CRAVEN, Circuit Judge (concurring, and dissenting in part):

I concur with the disposition of the several appeals as ordered in the majority opinion. Cheff v. Schnackenberg, 348 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966), plainly permits appellate revision of sentences in contempt cases, and remand for resentencing within the *Cheff* limitation is a proper exercise of our supervisory power.

I am unable to concur in the conclusion of the majority that because the offense is punishable "by fine *or* imprisonment" [emphasis added] the district court may not place the defendant on probation and impose a fine as one of the conditions of the probationary sentence. We are not presented with the question of whether *payment* of the fine required by the terms of a probationary sentence would exhaust the district court's power under this unusual criminal statute to thereafter activate a suspended prison sentence for violation of other terms of probation. See Hollandsworth v. United States, 34 F.2d 423 (4th Cir. 1929). If we assume that such payment would exhaust the court's power of punishment, the district court is still left with a sentencing tool of some practical value: the power to encourage a good faith effort to pay the fine by suspending an active sentence on condition that such an effort is made. See United States v. Taylor, 321 F.2d 339 (4th Cir. 1963). If the district court is denied that power, and if the person to be sentenced is a pauper but one who has substantial earning capacity, the district judge may be encouraged, unfortunately it seems to me, to impose an active prison sentence rather than run the risk of the prisoner escaping payment of the fine. See 18 U.S.C. § 3569.

Provision for imprisonment or fine (not both) in 18 U.S.C. Section 401 is unusual but not unique.[1] The majority rule even with respect to an unusual statute seems to me a step in the wrong direction. Trial judges need all of the latitude allowed them by the Congress in order to fashion appropriate and enlightened sentences.

The probation statute, 18 U.S.C. Section 3651, contains general authorization to place the defendant on probation upon such terms and conditions "as the court deems best" and specifically provides that "[w]hile on probation and among the conditions thereof, the defendant [m]ay

---

1. More frequently federal statutes provide for a fine up to a stated maximum or imprisonment up to a stated maximum, or *both*. But 18 U.S.C. § 401 is not alone in providing for *either* fine or imprisonment. See, e.g., 18 U.S.C. § 2076 (willful neglect of district court clerk); 18 U.S.C. § 2234 (willful exceeding of authority in executing search warrant); 18 U.S.C. § 2235 (malicious procurement of search warrant).

be required to pay a fine in one or several sums." I do not believe use of this statute is irreconcilable with a provision for punishment "by fine or imprisonment." If the trial judge is allowed to sentence the prisoner to a term of imprisonment and suspend the sentence on condition that he pay a fine, it seems to me that he has given the prisoner the choice of *which* punishment he shall accept and has not effectively imposed imprisonment *and* a fine in violation of 18 U.S.C. Section 401.

Where the trial judge's choice of criminal sanctions is narrowed, it is the prisoner who generally loses. I respectfully dissent from this portion of the opinion.