Milton **HOWARD**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 19104.

United States Court of Appeals
Eighth Circuit.

July 11, 1968.

Rehearing Denied Sept. 3, 1968.

Joseph L. Krause, Lincoln, Neb., for appellant.

Theodore L. Richling, U. S. Atty., Omaha, Neb., for appellee.

Before VAN OOSTERHOUT, Chief Judge, HEANEY, Circuit Judge, and REGISTER, Chief District Judge.

VAN OOSTERHOUT, Chief Judge.

The problem here presented is whether this court has acquired jurisdiction to entertain an appeal from defendant Howard's conviction by a jury and the resulting sentence imposed on April 10, 1964, on each of two counts of an indictment charging narcotics violations.

Defendant was represented at the trial by Mr. Guenzel, court-appointed counsel. Mr. Guenzel is an able and experienced lawyer and a member of a prominent and reputable Lincoln law firm. He continued to represent the defendant for some months following the sentence. Nothing which under a liberal interpretation of Rule 37(a), Fed.R.Crim.P., could be considered a written notice of appeal was filed by or on behalf of the defendant within the ten-day period allowed for appeal. Defendant pro se on March 21, 1966, (almost two years after conviction) filed a motion to reactivate his appeal from his conviction. Mr. Krause, who had not previously represented the defendant in this case, was appointed to represent him in his efforts to perfect the appeal. Mr. Krause on June 16, 1967, filed a motion for leave to prosecute the appeal, incorporating the prior motion filed by the defendant, and asserting additional grounds. Evidentiary hearings

were held on such motions. Thereafter on November 13, 1967, the trial court, for reasons set out in a well-considered unreported memorandum opinion, denied the motions to reactivate and prosecute the appeal from defendant's conviction. This is an appeal in forma pauperis from such order.

The controlling issue before us is whether this court has acquired jurisdiction to consider defendant's appeal from his conviction. The procedure in effect at the time of defendant's conviction for taking an appeal in a criminal case is set out in Rule 37(a), Fed.R.Crim.P.[1]

■ A notice substantially complying with the rule is a prerequisite to conferring jurisdiction on this court to consider the appeal. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259; Berman v. United States, 378 U.S. 530, 84 S.Ct. 1895, 12 L.Ed.2d 1012; United States v. Stigall, 6 Cir., 374 F.2d 854, 855; United States v. Temple, 4 Cir., 372 F.2d 795, 797. Defendant concedes that under the rule as interpreted in *Robinson,* no jurisdiction exists in the trial court to extend the ten-day period allowed for filing notice of appeal for excusable neglect.[2]

Defendant's position is that he has taken a timely appeal from his conviction.

His position is asserted in his brief as follows:

"At the very outset of this brief, the appellant wishes to stress the fact that it is upon the basis of the oral Notice of Appeal, followed by his letters to the District Court that the appellant seeks leave to proceed with his appeal. The request here is *not* for an extension of time to appeal, rather a request that this Court recognize the oral Notice of Appeal followed by the letters as sufficient notice of appeal for the purposes of satisfying the requirements of Rule 37(a) (2)."

The trial court found as a fact that, "Notice of appeal was not filed within the time required by law. * * * There is, however, nothing in the stenographic record of the court reporter showing that an oral notice of appeal was given." We agree with such findings. The record shows that the court, immediately after sentencing in the presence of defendant and his counsel, stated: "And I believe that if you desire to appeal that probably you should at least arrange about preparing a notice of appeal and the like, then I think the court of appeals take up the question of whether to appoint local counsel or whether to appoint St. Louis counsel." There was further discussion

---

1. Rule 37(a) as of the time of appellant's conviction read:

"(1) Notice of Appeal. An appeal permitted by law from a district court to a court of appeals is taken by filing with the clerk of the district court a notice of appeal in duplicate. * * * The notice of appeal shall set forth the title of the case, the name and address of the appellant and of appellant's attorney, a general statement of the offense, a concise statement of the judgment or order, giving its date and any sentence imposed, the place of confinement if the defendant is in custody and a statement that the appellant appeals from the judgment or order. The notice of appeal shall be signed by the appellant or appellant's attorney, or by the clerk if the notice is prepared by the clerk as provided in paragraph (2) of this subdivision. * * * "

"(2) Time for Taking Appeal. An appeal by a defendant may be taken

within 10 days after entry of the judgment or order appealed from, but if a motion for a new trial or in arrest of judgment has been made within the 10-day period an appeal from a judgment of conviction may be taken within 10 days after entry of the order denying the motion. * * * "

2. Rule 37(a) was amended February 28, 1966, to provide:
"Upon a showing of excusable neglect, the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing the notice of appeal otherwise allowed to any party for a period not to exceed 30 days from the expiration of the original time prescribed by this paragraph."

Such amendment is effective July 1, 1966, and hence does not apply to the 1964 conviction here involved. Moreover, nothing was here done to take an effective appeal within the 30-day period.

as to whether Mr. Guenzel, court-appointed counsel, was willing to represent the defendant upon appeal. Counsel said he would do so. It may be inferred from the record that an appeal was under consideration but no statement of either defendant or counsel is found in the record which gives notice of an intention to appeal.

Moreover, an oral notice of appeal is not contemplated by the rule. Rule 37(a) provides for the filing of a notice in duplicate, the contents thereof, and for the signing of the notice by defendant or his counsel. Such provisions cannot be complied with in an oral notice of appeal. Defendant has cited no cases holding an oral notice of appeal is sufficient. The decided cases hold that an oral notice of appeal does not comply with the rule. United States v. Temple, supra; O'Neal v. United States, 5 Cir., 264 F.2d 809, 811–812; Durel v. United States, 5 Cir., 299 F.2d 583, 584; United States v. Isabella, 2 Cir., 251 F.2d 223, 226.

Defendant urges that the letters he wrote to the presiding judge constitute a notice of appeal. It is quite true, particularly in cases where the defendant represents himself, that letters addressed to the judge or the clerk within the prescribed time which manifest an intent to appeal, have been held sufficient to constitute a notice of appeal. Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760. Defendant did write numerous letters to the judge, one of which was within the ten-day period allowed for appeal. However, such letter requests a reduction in sentence but contains no mention of an appeal or intent to appeal. The first letter written to the judge which makes any reference to an appeal is one dated June 23, 1964, which was written more than two months after the final judgment.

This case is readily distinguishable factually from *Fallen*, upon which defendant relies. In *Fallen*, the letter relied upon states an intent to appeal and such letter was written and delivered to the prison officials for mailing in sufficient time to have reached the court within the ten-day period. The *Fallen* majority bases its decision on the fact that the defendant was in prison and did all he could to mail the notice in time. Four Justices in an opinion written by Mr. Justice Stewart concur in the result on the basis that the jailer in effect was the clerk of the District Court within the meaning of Rule 37. It is also significant that the Supreme Court affirmed in *Berman* on the basis of *Robinson* on the same day that *Fallen* was decided. A reasonable inference flows from this that the Court majority considered the teaching of *Robinson* as unaffected by *Fallen*.

Mr. Guenzel wrote defendant a letter dated April 6, 1964 (prior to sentence) in which he stated he was filing motions to protect the right of an appeal and, "I have not changed my mind with regard to the appeal. Unless you instruct us to the contrary, we will go ahead with an appeal of this case. \* \* \*" At an evidentiary hearing, defendant testified that he had received the letter just described and he then testified:

"Q. At any time did you request him not to file a notice of appeal?

"A. No, sir, I didn't."

Mr. Guenzel as a witness testified that he and defendant prior to April 10th had talked about appealing and that initially both felt that an appeal should be taken. He then testified:

"By the time of the hearing on April 10th I had concluded, in conjunction with conferences with other people in my office that this was not the most desirable or promising course of action for Mr. Howard to follow; and subsequent to the sentencing I discussed this with Mr. Howard; and we agreed then and through the summer that a different procedure should be undertaken other than an appeal from this case. At least that was my understanding of our agreement, and that was the course under which we proceeded. I should add that intermittently through this period Mr. Howard would change the action that he desired to have taken, but in each in-

stance upon further conferences or communications he would agree with the course of procedure that we had outlined as early as April 10th."

\* \* \* \* \* \*

"Q. So it was your understanding then subsequent to April 10th he did not desire an appeal filed in this case?

"A. That was my understanding or I would have filed an appeal."

Defendant had been convicted in the state court of murdering Edward Ellis, who was an informer in the present federal case. A life sentence was imposed; his conviction was affirmed. Howard v. State of Nebraska, 174 Neb. 90, 116 N.W. 2d 7 (1962). A principal basis of appeal in the present case is claimed error in the admission of testimony that defendant had murdered his accuser. Such testimony was admitted for the purpose of showing that defendant made the witness unavailable to testify against him. See United States v. Howard, D.C., 228 F. Supp. 939, 941–942.

Mr. Guenzel stated that he had explained to the defendant his view that certain witnesses at the trial in the present case had changed their testimony substantially from that given at the murder trial and expressed the view that a writ of coram nobis to set aside the murder conviction on such ground would be the best course to pursue and that if his attack were successful, a new trial could then likely be obtained in this case on the ground that the conviction was based on evidence no longer true, to wit, the murder conviction.

Defendant did not take the stand after Mr. Guenzel's testimony and did not expressly deny the testimony hereinabove referred to nor did he deny that he acquiesced in the proposed strategy. It is doubtful whether there is any conflict between the testimony of Mr. Guenzel and the defendant. The court made no finding with respect to the credibility of witnesses. This is likely because the defendant did not raise in the trial court the issue of incompetency or misconduct on the part of his counsel. He raises no such issue upon this appeal.

The decision of the trial court determining that no jurisdiction exists in this court to entertain an appeal from defendant's conviction because of want of timely notice of appeal is affirmed.