**Herbert R. SMITH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24307.**

United States Court of Appeals,
Ninth Circuit.

March 25, 1970.

Rehearing Denied April 14, 1970.

Lorraine A. Smith (argued), San Francisco, Cal., for appellant.

John W. Hornbeck (argued), Asst. U. S. Atty., Wm. Matthew Byrne, U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN, KOELSCH and KILKENNY, Circuit Judges.

KOELSCH, Circuit Judge.

During oral argument, this court raised the question of its jurisdiction. The record shows that on July 1, 1968, judgment was entered against Smith following his conviction for violations of the federal narcotics and tax laws (21 U.S.C. 174 and 26 U.S.C. 4705(a)) and that he filed a notice of appeal on September 26, 1968.

Rule 4(b), F.R.App.P., requires that the notice of appeal be filed with the Clerk of the District Court "within 10 days after the entry of the judgment" and it is settled that compliance is both mandatory and jurisdictional. United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Thomas v. United States, 328 F.2d 607 (9th Cir. 1964). Tested by this requirement alone, Smith's notice is clearly untimely and, consequently, this court is without jurisdiction to entertain the appeal. However, to avoid that result, Smith points to an order of the district court entered on September 26, 1968, which purported to extend the time for filing the notice until September 30, 1968. This order was based on Smith's *ex parte* motion in which he asserted that his trial attorney had indicated that he would file the notice but had failed to do so, and that great hardship and injustice would result if an extension was not granted. It is true that Rule 4(b) allows the district court to extend the time for filing the notice, but this authority is not without limitation; the Rule restricts the allowable extension to a "period not to exceed 30 days" beyond the 10 days normally allowed. See also Rule 26(b), F.R.App.P. Thus the order here was unauthorized and is a nullity.

Smith also urges that a declaration he made at the time of sentencing satisfied the notice requirements. The record indicates that he then stated: "Yes, I would like to appeal on this, your honor." The Second Circuit in United States v. Isabella, 251 F.2d 223 (2d Cir. 1958), held that an oral declaration did not constitute compliance with the notice of appeal filing requirements and that to hold otherwise would be to open a 'Pandora's Box.' The same view has been taken by the other courts considering this issue and we conclude it is sound. Durel v. United States, 299 F.2d 583 (5th Cir. 1962); O'Neal v. United States, 264 F.2d 809 (5th Cir. 1959), vacated on other grounds, 272 F.2d 412 (1959); Howard v. United States, 396 F.2d 867 (8th Cir. 1968); *Cf.* United States v. Temple, 372 F.2d 795 (4th

Cir. 1966), cert. den., 386 U.S. 961, 87 S.Ct. 1024, 18 L.Ed.2d 110 (1967).

Smith's additional assertion that the conduct of his trial attorney was fraudulent and deceitful will not be considered. It was not made in trial court and will not be heard for the first time here. Thus Smith's reliance upon Calland v. United States, 323 F.2d 405 (7th Cir. 1963) is misplaced.

Appeal dismissed.