**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 00-31183**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CEDRICK SCOTT,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Middle District of Louisiana**
**(99-CR-5-ALL)**

June 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to firearm and drug-trafficking offenses, Cedric Scott appeals his sentence, maintaining the district court erred by denying him an offense level reduction for acceptance of responsibility.

Scott's judgment of conviction was entered on 8 December 1999; but, he did *not* file a notice of appeal until 1 February 2000. Because Scott failed to file his notice of appeal within ten days

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the entry of judgment, as required by FED. R. APP. P. 4(b)(1)(A), his appeal was dismissed for lack of jurisdiction. *United States v. Scott*, No. 00-30132 (5th Cir. 2 Mar. 2000) (unpublished).

Scott then filed a *pro se* motion for leave to file an out-of-time appeal, claiming his counsel was ineffective for failing to timely file a notice of appeal. The district court determined that Scott "did file a notice of appeal at the time of sentencing". "In order ... to determine the appropriate procedural vehicle to perfect this appeal", the court appointed the Federal Public Defender to represent Scott. On 13 September 2000, after a status conference, the court issued a minute entry stating it "again finds [Scott] did file an *oral request* for a Notice of Appeal on the day of sentencing". (Emphasis added.) The next day, 14 September, Scott filed a notice of his appeal from the December 1999 conviction and sentence.

We must, if necessary, examine *sua sponte* the basis of our jurisdiction. *E.g., United States v. West*, 240 F.3d 456, 458 (5th Cir. 2001). An oral statement of an intent to appeal given in open court is *not* sufficient to satisfy the requirement of a signed, written notice of appeal. FED. R. APP. P. 3(a)(1), (c); *see Durel v. United States*, 299 F.2d 583, 584 (5th Cir. 1961). Therefore, the district court's minute entry finding that, at sentencing, Scott made an oral request for a notice of appeal is *not* sufficient to confer appellate jurisdiction. Accordingly, Scott's 14 September 2000 written notice of appeal is untimely, because it was

2

filed more than 10 days after the December 1999 entry of his criminal judgment.  *See* FED. R. APP. P. 4(b)(1)(A).

Scott apparently understood the district court's minute entry as granting his motion for an out-of-time appeal.  Of course, "a district court does *not* have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal".  **West**, 240 F.2d at 459 (emphasis in original).  Instead, the district court could have construed Scott's motion for an out-of-time appeal as a 28 U.S.C. § 2255 motion. **Id.** at 459-60.  The proper procedure would then be for the district court to determine whether Scott was denied effective assistance of counsel on appeal, and, if it so concluded, to dismiss the § 2255 motion without prejudice and re-enter the criminal judgment. **Id.** at 459-61.  The time for appeal would then run anew as of the date the criminal judgment is re-entered. **Id.** at 461.  The ten-day period under FED. R. APP. P. 4(b)(1)(A) applies for taking an appeal of the re-entered criminal judgment. **Id.** at 459.

**DISMISSED**