**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Charles H. GERHARDT, Defendant— Appellant.**

No. 01–30217.

D.C. No. CR–00–00167–A–JKS.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2002.\*

Decided Nov. 22, 2002.

Fed. R.App. P. 34(a)(2).

Before FERGUSON, FISHER and TALLMAN, Circuit Judges.

### MEMORANDUM**

Appellant Charles Gerhardt ("Gerhardt") appeals his conviction by guilty plea and sentence for one count of growing marijuana in violation of 21 U.S.C. § 841. Gerhardt appeals the denial of his motion to suppress allegedly unconstitutionally seized evidence. He also alleges that a number of reversible errors occurred at the sentencing hearing before the District Court. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the facts, we recite only those necessary to explain our disposition. For the reasons set forth below, we affirm both Gerhardt's conviction and sentence.

### I. Appeal of Motion to Suppress Evidence

■ This court lacks jurisdiction to hear Gerhardt's appeal of the District Court's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

order denying his motion to suppress evidence because he entered an unconditional guilty plea. The effect of an unconditional guilty plea is to waive the right to appeal "all non-jurisdictional antecedent rulings and cure[ ] all antecedent constitutional defects." *United States v. Floyd,* 108 F.3d 202, 204 (9th Cir.1997). Although Gerhardt alleges that his plea was not unconditional, all of the evidence runs contrary to this assertion. There is no evidence of a plea agreement and the United States specifically refused to accept a conditional guilty plea. Moreover, Gerhardt was advised by the District Court on more than one occasion that by entering an unconditional guilty plea he would be unable to challenge the denial of the suppression motion on appeal. Gerhardt indicated he understood this and then proceeded to plead guilty.

Gerhardt also argues that we have jurisdiction to review the suppression motion because his guilty plea was involuntary and unintelligent. He alleges that the government withheld information relating to the search warrant application and procedure, thereby invalidating his plea. We review the voluntariness of a plea de novo. *United States v. Kikuyama,* 109 F.3d 536, 537 (9th Cir.1997). We review the question of whether a plea is made knowingly under the clearly erroneous standard. *United States v. Sharp,* 941 F.2d 811, 815 (9th Cir.1991).

Both the record and Gerhardt's briefs are entirely devoid of any indication that the plea was the result of coercion, threats or improper promises. Even assuming Gerhardt's allegations regarding the search warrant are true, it does not render his guilty plea unintelligent because at the time he entered his plea the suppression motion had already been denied. Prior to pleading guilty, Gerhardt received copies of the warrant application, supporting affidavits and transcript of the telephone conversation between the officer who requested the warrant and the Magistrate Judge who issued it. Moreover, Gerhardt is not asserting that he did not have all of the information, but rather that the District Court and the Magistrate Judge did not have it. Thus, it cannot be said that Gerhardt was "without the information necessary to assess intelligently 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.' " *United States v. Hernandez,* 203 F.3d 614', 619 (9th Cir.2000) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). We hold Gerhardt's plea was not involuntary or unintelligent and thus we lack jurisdiction to review the District Court's denial of the motion to suppress evidence.

■ Gerhardt further attacks the validity of his guilty plea by arguing that the government improperly withheld *Brady* material consisting of photographs of the marijuana plants found in his home. The Constitution requires that evidence favorable to the accused be turned over to the defense where the evidence is material to either guilt or punishment. *Brady v. Maryland,* 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). We review a challenge to a conviction based on an alleged *Brady* violation de novo. *United States v. Smith,* 282 F.3d 758, 770 (9th Cir.2002). Assuming the photographs were exculpatory *Brady* material (Gerhardt fails to allege the manner in which the photographs are exculpatory or favorable to the defense), it is not clear that they should have been disclosed prior to Gerhardt entering his guilty plea, as Gerhardt has not shown that the photographs would have altered his decision to plead guilty. *See Sanchez v. United States,* 50 F.3d 1448, 1454–55 (9th Cir.1995). The District Court based its finding that Gerhardt manufactured

over 100 marijuana plants on various pieces of evidence, including testimony from the defense expert and the state troopers who conducted the search and videotaped and photographed the plants. The photographs themselves simply captured what was already videotaped and did not offer anything new or substantially different. Therefore, it is improbable that the photographs would have altered Gerhardt's decision to plead guilty.

## II. Gerhardt's Sentencing Claims

■ Gerhardt argues the District Court erroneously applied *United States v. Robinson*, 35 F.3d 442 (9th Cir.1994), when it found that he had more than 100 marijuana plants at his grow. The government argues that we lack jurisdiction over this portion of Gerhardt's appeal because he did not file a notice of intent to appeal his sentence, only his conviction. *See United States v. Avendano–Camacho*, 786 F.2d 1392, 1394–95 (9th Cir.1986); *see also Smith v. United States*, 425 F.2d 173, 174 (9th Cir.1970) (holding that the requirements of the Federal Rules of Appellate Practice are "mandatory and jurisdictional"). However, this circuit has held that a mistake in designating the subject matter on appeal should not bar appeal "as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced or misled by the mistake." *Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir.1988) (internal quotation marks and citations omitted). We employ a two-part test[1] to determine whether intent or prejudice exists. *Id.* at 105. Because Gerhardt briefed the sentencing issues he sought to appeal in his opening brief and the United States responded to them in its reply brief, it is clear the United States had notice that Gerhardt was appealing his sentence and did not suffer prejudice. *See id.* at 105–106. Therefore, the appeal of Gerhardt's sentence is not barred by Federal Rule of Appellate Procedure 3(c) and we have jurisdiction to consider his claims.

### A. District Court's finding that Gerhardt had over 100 marijuana plants

The determination of what constitutes a marijuana plant for sentencing purposes is a question of law, subject to *de novo* review. *United States v. Robinson*, 35 F.3d 442, 445 (9th Cir.1994); *but cf. United States v. Carlisle*, 907 F.2d 94, 96 (9th Cir.1990) (reviewing a determination of whether cuttings could be considered marijuana plants for clear error). Gerhardt argues that the District Court erred when it found he had more than 100 plants because the District Judge should have been bound by the defense expert's testimony that only 50 plants contained roots, stems and leaves, thus meeting the standard set out in *Robinson*.

In *Robinson* this court held that 1) marijuana cuttings are not plants until they develop roots of their own; 2) there must be readily observable evidence of root formation; 3) cuttings that have merely "root primitae" (defined as swelling of the cambial cells underneath cuttings' outer layer of plant tissue from which structure of roots would come) are not plants; 4) cuttings that have not yet produced readily observable roots or root hairs are not plants; 5) each stalk protruding from the ground and supported by its own root system is one plant no matter how close to other plants it is or how intertwined their root systems are. *Robinson*, 35 F.3d at 445–49.

---

1. The test is "whether the affected party had notice of the issue on appeal" and "whether the affected party had an opportunity to fully brief the issue." *Meehan*, 856 F.2d at 105 (internal quotation marks and citations omitted).

■ The District Court based its finding on a host of evidence, including the testimony of Wayne Leiser, a defense expert who viewed a videotape taken of each plant, as well as the testimony of the law enforcement personnel who conducted the search and photographed the plants. Leiser testified that 221 of the 256 plants he observed on the videotape were viable because they contained root formations. The District Court adopted Leiser's testimony as conclusive of the number of plants that had root formations and were viable and concluded that these plants met the *Robinson* definition of a plant because they were capable of surviving on their own. The District Court did not err when it found that Gerhardt had over 100 marijuana plants because it followed the *Robinson* Court's guidance on root formations and viability in making its finding.

### B. *Other claims*

Gerhardt alleges various other reversible errors were committed at his sentencing hearing. These include a challenge to the sufficiency of the evidence to support the District Court's finding that he grew more than 100 marijuana plants and a renewal of the above mentioned *Brady* claim regarding the introduction of photographs of the marijuana plants at the hearing.[2]

We review Gerhardt's challenge to the sufficiency of the evidence for plain error because he did not move for acquittal at the conclusion of his sentencing hearing.

*United States v. Romero*, 282 F.3d 683, 686–87 (9th Cir.2002). This claim fails because, as discussed above, there was ample evidence that Gerhardt manufactured more than 100 marijuana plants. Viewing the evidence in the light most favorable to the government, a rational factfinder could have found beyond a reasonable doubt that Gerhardt manufactured more than 100 marijuana plants. *United States v. Patterson*, 292 F.3d 615, 630 (9th Cir.2002).

Gerhardt's *Brady* claim regarding the photographs fails for the reasons noted earlier in our discussion of Gerhardt's guilty plea. Additionally, we review the District Court's decision to admit the photographs for plain error because Gerhardt waived his objection to their admission at the sentencing hearing and utilized the photos in his defense. *United States v. Campbell*, 42 F.3d 1199, 1204 (9th Cir. 1994). In light of the existence of the videotape of the plants and the testimony of various law enforcement officers who performed the search of Gerhardt's home, it was not plain error for the District Court to admit the photographs.

Gerhardt's conviction and sentence are therefore **AFFIRMED.**

---

2. Gerhardt's other claims include an allegation of prosecutorial misconduct by not preserving the marijuana plants or pots that were photographed and an accompanying objection to the obstruction of justice charge, Commerce Clause, Ninth, and Tenth Amendment challenges to the Controlled Substances Act, and a violation of the Posse Comitatus Act. These claims were not presented to the trial court and therefore are only reviewed for plain error. *United States v. Flores–Payon*, 942 F.2d 556, 558 (9th Cir.1991). None of the claims, even assuming their truth, constitute plain error. In addition, the Posse Comitatus Act violation claim was not fully briefed and is therefore waived because our failure to consider it would not result in manifest injustice. *See United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir.1987).