### SCALIA v. UNITED STATES.
### No. 2695.

Circuit Court of Appeals, First Circuit.
Dec. 17, 1932.

Essex S. Abbott, of Boston, Mass. (Joseph V. Carroll, of Boston, Mass., on the brief), for appellant.

Elihu D. Stone, Asst. U. S. Atty., of Boston, Mass. (Frederick H. Tarr, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the District Court for Massachusetts dismissing the petition of Frank Scalia for a writ of habeas corpus and ordering him committed until a fine is paid.

It appears that the petitioner having been indicted at the March term, 1929, of the District Court charged, in the first count, with the unlawful manufacture of intoxicating liquor and, in the second, with the unlawful possession of intoxicating liquor, did, on June 20, 1929, plead guilty to each offense and, on that day, was sentenced generally to pay a fine of $500 and be imprisoned in the House of Correction at Springfield for the term of one year and one day; that, on that day, he was placed on probation for the term of two years to report to the probation officer, McSweeney, as directed by him, the sentence of imprisonment being suspended and the defendant directed to pay the fine of $500 to the probation officer (apparently from time to time during the period of probation). At the June term, 1929, on July 24, 1929, the petitioner was brought before the District Court and, it being represented by the probation officer that he had violated the terms of his probation, the court, without having in terms revoked the probation order and without having in terms revoked or annulled the original sentence of June 20, 1929, imposing a fine of $500 and imprisonment for a year and a day, imposed a new sentence imprisoning the petitioner for the term of four months in the House of Correction at Springfield and ordered that he stand committed until the sentence was performed; that, on that day, he was committed under a warrant issued pursuant to the sentence, which sentence having been served, the petitioner was discharged.

On October 5, 1931, nearly two years after the completion of the sentence imposed on July 24, 1929, the petitioner was brought before the District Court by the probation officer on the ground that he had failed to pay the sum of $500, the same being included in the sentence of June 20, 1929, imposing imprisonment for a year and a day; and, after hearing, it was ordered that the fine be paid and the defendant stand committed until it was paid. Thereupon Scalia filed this petition for writ of habeas corpus asking to be released on the ground that the court was without jurisdiction to impose the fine and order his commitment at the time the last order to pay the fine was made. It is the judgment denying the writ and ordering him committed from which this appeal is taken.

The government's contention is that the judgment of June 20, 1929, was suspended in so far as it imposed imprisonment for the term of a year and a day, but was not suspended in so far as it imposed a fine of $500, and, this being so, the District Court was acting within its jurisdiction and authority on October 5, 1931, when it ordered Scalia forthwith to pay the $500 and stand committed until the same was paid. The petitioner, on the other hand, contends that the judgment of June 20, 1929, as a whole, was in law and fact suspended by what was done, even though the order of suspension referred only to that part of the judgment imposing imprisonment for a year and a day; that immediate execution of that judgment was not then ordered either as to imprisonment or so far as it imposed a fine; that, as the fine was ordered paid to the probation officer (apparently

from time to time) and not into court, the order was in effect a suspension of the judgment so far as it related to the fine; and (2) that the judgment of June 20, 1929, was a single judgment made up of two component parts, the imprisonment and fine, and that, whether the judgment was suspended in whole or only as to the part imposing imprisonment, nevertheless on July 24, 1929, when Scalia was brought before the District Court for violating the terms of his probation and a new judgment was entered imposing a sentence of imprisonment for the term of four months and ordering him committed until sentence was performed, this was in law and in fact a revocation of the probation and of the suspension of sentence of June 20, 1929, and a substitution of a new sentence, doing away with the original one of June 20, 1929, in its entirety; and that, consequently, the District Court was without jurisdiction and authority to order his incarceration for failure to pay the fine imposed by the original judgment or sentence.

■ We think the judgment of June 20, 1929, was suspended entirely by what was done; and, although the order of suspension referred only to that part of the judgment imposing imprisonment for a year and a day, the execution of the remaining part, the fine, was not then ordered paid forthwith into court but was to be paid to the probation officer. This was in itself a suspension of the judgment as to the fine and was authorized by the Probation Act. The provisions of section 1 of the Probation Act (18 USCA § 724) in terms authorize the court to require a defendant, at the time he is placed on probation, to pay a fine which has been imposed on him to the probation officer (in one or several sums) during his probation, and section 4 (18 USCA § 727) provides that the probation officer "shall keep accurate and complete accounts of all moneys collected from persons under his supervision; shall give receipts therefor, and shall make at least monthly returns thereof" to the court. The order directing the payment of the fine to the probation officer during the probation period was therefore also a suspension of the original sentence so far as it related to the fine.

■ It is a well established rule that the District Courts of the United States cannot amend or set aside a final judgment after the term at which it is entered, although it may do so at any time during the term. United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129. Congress, however, could change this rule by statute, and we are of the opinion that, by the provisions of sections 1 and 2 of the Probation Act of March 4, 1925 (43 Stat. c. 521 [18 USCA §§ 724, 725]) Congress has extended this power of the courts over their judgments, even after the expiration of the judgment term, in that class of cases where, for conviction of crime, the District Courts were authorized to grant a period of probation. Ackerson v. United States (C. C. A.) 15 F.(2d) 268.

The Supreme Court, in construing the Probation Act in United States v. Murray, 275 U. S. 347, 48 S. Ct. 146, 72 L. Ed. 309, held that the District Court had the power to grant probation at any time before execution of sentence had begun but not afterwards. And at page 356 of 275 U. S., 48 S. Ct. 146, 149, it says: "The Probation Act gives power to grant probation to a convict after his conviction or after a plea of guilty, by suspending the imposition or suspending execution of the sentence." This being so, the question is: Whether the District Court, having exercised its power of probation by suspending the execution of sentence, is, on having revoked both the probation and the suspension of execution of sentence, then limited to ordering execution of the original sentence, or may enter a new or modified one and order its execution.

■ The second paragraph of section 2 (18 USCA § 725, par. 2) provides:

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed."

The first two sentences of the above paragraph relate to the power of the probation officer to arrest the probationer "within the probation period" (in this case two years), and to his being presently taken before the court. The third sentence relates to the arrest and production of the probationer before the court "after the probation period [two years], but within the maximum period for which the defendant might originally have

been sentenced" (here five years). The fourth sentence of the paragraph has to do with the power of the court, where the probationer is brought before him either "within the probation period," or "after the probation period, but within the maximum period for which the defendant might originally have been sentenced"; and provides that, in case the probationer is brought before the court within the probation period the court "may revoke the probation" and impose any sentence which might originally have been imposed, or in case he is brought before the court "after the probation period, but within the maximum period for which the defendant might originally have been sentenced" the court may revoke the suspension of sentence and impose any sentence which might originally have been imposed.

The phrase "suspension of sentence" in this paragraph, as ordinarily used and understood, means the suspension of the execution of a sentence already imposed; and the phrase "revoke the probation" undoubtedly refers to the situation where, under the provisions of the act, imposition of sentence has been withheld but probation granted; and such being the meaning of these terms, then in either of these situations—on revoking probation and suspension of sentence, or revoking probation where sentence has been withheld—according to the language of section 2 of the Act—the District Court "may impose any sentence which might originally have been imposed." In other words the phrase "thereupon the court may revoke the probation or the suspension of sentence" means that the court may revoke the probation and suspension of sentence where sentence has been imposed, or, where sentence has been withheld, revoke the probation; and in either case "impose any sentence which might originally have been imposed."

 The act is remedial and is entitled to a liberal construction. The Court of Appeals for the Fifth Circuit, in interpreting this law has held (United States v. Antinori, 59 F. (2d) 171) that the District Court, in either of the two situations above mentioned (though after the judgment term), may modify or revoke the original judgment or sentence, as it may under the common law at the term at which the original judgment is entered. In that case, as here, the new judgment was entered after the revocation of the probation and where there had been an original sentence imposed, the execution of which had been suspended for the period of probation. We see no reason for departing from that holding.

Having reached the conclusion that the District Court, on revoking the probation and suspension of sentence, could modify or revoke the original judgment and enter a modified or new one, and a new or modified one having been entered in this case on July 24, 1929, when the petitioner was sentenced and imprisoned for four months, we think the original judgment of June 20, 1929, thereupon, in fact and in law, came to an end. The District Court, therefore, was without jurisdiction and authority on October 5, 1931, some two years after the sentence of July 24, 1929, had been executed, to order the petitioner imprisoned for failure to pay the fine of $500 under the original sentence of June 20, 1929, which was necessarily revoked by the judgment of July 24, 1929, or so modified by it as to dispense with the imposition of the fine.

The judgment of the District Court is reversed, and the case is remanded to that court with directions to order the writ to issue and the petitioner discharged from arrest.