MITCHEM v. UNITED STATES.

No. 13832.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1951.

Hugh G. Head, Jr., Atlanta, Ga., W. H. McElwee, N. Wilkesboro, N. C., for appellant.

Lamar N. Smith, Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BORAH, and RUSSELL, Circuit Judges.

BORAH, Circuit Judge.

On July 18, 1947, Golden Mitchem was convicted in the District Court of the United States for the Northern District of Georgia, Atlanta Division, upon an indictment containing one count that charged a violation of old Title 18, Section 88, of the U.S.Code.[1] This section, which was then in effect, provided for the payment of a fine not to exceed $10,000, or imprisonment for not to exceed two years, or both. The judgment of the Court placing appellant upon probation reads in part as follows:

(It is by the Court) "Ordered and Adjudged that the imposition of sentence on the said defendant be, and the same is hereby suspended until the further order of the Court, and that he be placed upon probation for the period of Three (3) Years, and that during the period of probation he shall demean himself correctly, as a law abiding citizen in every respect, and shall report to a probation officer of this Court at such time and in such manner as the probation officer shall direct.

"It is Further Ordered that as a further condition of this probation that he pay a fine of Twenty-Five Hundred and no/100 ($2500.00) Dollars and that he stand committed to jail until said fine is paid or until he is otherwise discharged by law."

The fine was paid on July 18, 1947, and there is nothing in this record to show that Mitchem was taken into custody by the United States Marshal after the court suspended the imposition of sentence and placed him on probation.

On July 10, 1950, within the probation period of three years, a bench warrant for Mitchem's arrest was issued by the cleark of court at the instance of the probation officer. The warrant was returned *Non Est* on September 25, 1950. On December 15, 1950, Mitchem, along with his counsel appeared before the Court and entered a plea of guilty to a criminal information which charged that he and one Jesse Smith did violate certain provisions of the Internal Revenue Laws on June 6, 1950; whereupon the court pronounced judgment and imposed a sentence of imprisonment for the period of one year and one day. This sentence is now being served and is not here involved. By virtue of the plea of guilty and the admission on the part of Mitchem that he had within the three-year period violated the terms of his probation, the Court after a hearing revoked his probation and sentenced Mitchem to imprisonment for the period of two years.

On August 8, 1951, Mitchem moved the District Court under U.S.C. Title 28, Section 2255, to arrest and vacate the sentence of imprisonment imposed upon him on December 15, 1950, on two grounds: (1) That the District Court had no power nor jurisdiction to impose its two year sentence because when the defendant paid his fine

1. 1948 Revision 18 U.S.C.A. § 371.

under the terms of the judgment of July 18, 1947, his sentence became fully executed and the jurisdiction of the District Court was then and there fully exercised and it had not power to enter an order revoking probation and imposing the judgment and committment of December 15, 1950. (2) That the maximum sentence of imprisonment which the District Court could have imposed on the appellant was two years, and that the District Court has no power under the Probation Act to fix the term of probation in any case at a longer period than the maximum sentence applicable to the offense charged, and hence that the Court was without power to fix the term of probation at three years, which term exceeded by one year the maximum sentence which could have been imposed under the conspiracy statute then in force, and also was without power after the period of two years to impose any other sentence on the appellant.

The District Court overruled this motion and the defendant has appealed and is re-urging here the same contentions unsuccessfully urged in the court below.

■ The question presented involves the construction of Sections 724 and 725, Title 18, U.S.Code. We are not concerned with the amendments to these sections, which became effective September 1, 1948, Title 18 U.S.C. §§ 3651, 3653, since upon revocation the case reverts to its status at the time probation was granted. Nor are we concerned with the situation which would exist if there were several separate indictments or counts. There will be time to consider these questions if and when they arise. With this digression we revert now to section 724, the first section of the Probation Act, which confers power on the Court as follows: "The courts of the United States having original jurisdiction of criminal actions * * * shall have power, after conviction or after a plea of guilty or *nolo contendere* for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may

deem best; or the court may impose a fine and may also place the defendant on probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation. The period of probation, together with any extension thereof, shall not exceed five years."

■ This language of the statute clearly contemplates that when imposition or execution of sentence is suspended the defendant may be placed on probation for such period as the court may fix, not exceeding five years. There is no minimum prescribed by the statute for the period of probation. Consequently, it may be for either a shorter or longer or the same period of imprisonment, subject to the above mentioned five year limitation. The appellant, however, seemingly derives some comfort from the second sentence of the act. 18 U.S.C. § 725. This section provides that at any time within the probation period, or at any time after the probation period but within the maximum period for which the defendant might originally have been sentenced, the probationer may be summoned before the court and "the court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed." We find nothing in this language which suggests that the period of probation is limited to the period of maximum sentence. Burns v. U. S., 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266. On the contrary and as was said in Hollandsworth v. United States, 7 Cir., 34 F.2d 423, 427, in construing this section: "It is clear that these terms of the statute extend rather than restrict the powers of the District Court. They do not justify the conclusion that the maximum five-year period of probation allowed by section 1 of the act is to be read as if subject to the provision that the term of probation shall in no case exceed the term of maximum sentence. There is indeed no necessary connection between the term of probation and the term of imprisonment."

■ Coming now to a consideration of the second question, it will be observed that

the District Courts are given power under the Probation Act "to suspend the imposition or execution of sentence and to place the defendant on probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid." We think it clear from the language set out that after conviction of an offense carrying the penalty of both fine and imprisonment the court is authorized to impose a fine, either as a matter of punishment or as a condition of probation, and at the same time suspend the imposition of a sentence of imprisonment or impose such sentence of imprisonment and suspend its execution. The statutory language shows that Congress intended to authorize the imposition and require the payment of a fine in either of the alternatives provided by the statute. Hollandsworth v. United States, supra.

■ In the present case the imposition of sentence on the defendant was suspended "until the further order of the Court", and the defendant was placed upon probation for the period of three years. However, at the same time it was "further ordered that as a further condition of this probation" the defendant pay a fine of $2,500, or stand committed. This to all intents and purposes effected an immediate modification of the suspension of imposition of sentence and was in practical effect the same as if the Court had first imposed the fine and suspended the imposition of *further* sentence and placed the defendant upon probation. Finding as we do, that the statute authorizes the imposition of a fine and the suspension of further sentence as concerns the imprisonment penalty and, as to the latter, placing the defendant upon probation, we conclude that the Court has exercised its power to impose a fine, but retained authority to impose a sentence of imprisonment in case probation is revoked, and, that consequently, the judgment of the trial court, of which complaint is here made, is correct.

Affirmed.