Tom BROWN, Appellant,

v.

STATE of Alaska, Appellee.

No. 2890.

Supreme Court of Alaska.

Jan. 31, 1977.

Helen L. Simpson, Anchorage, for appellant.

Ivan Lawner, Asst. Dist. Atty., and Joseph D. Balfe, Dist. Atty., Anchorage, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

## OPINION

RABINOWITZ, Justice.

After having been indicted for the crime of polygamy, appellant Tom Brown entered a plea of nolo contendere and was sentenced to two years' imprisonment.[1] The superior court's judgment further ordered that service of the period of incarceration

---

1. In a separate count of this indictment appellant was charged with the crime of perjury. This count was dismissed upon Brown's entry of a plea of nolo contendere to the polygamy charge.

be suspended and Brown be placed on probation for two years. As part of its judgment and order of probation, the superior court imposed special conditions of probation, one of which required Brown " . . . to pay $3,000 as a condition of probation during the period of probation." [2]

Subsequent to the entry of this sentence Brown filed an application for correction and reduction of the sentence.[3] By way of relief Brown requested that the superior court expunge that portion of the sentence which required him to pay a fine in the amount of $3,000. Brown based his application on the theory that since the statutory punishment for conviction of the crime of polygamy did not authorize imposition of a fine, the superior court lacked the power to impose a fine as a condition of probation. The superior court denied Brown's application and this appeal followed.

This appeal raises a first impression question as to whether the sentencing court may impose a fine as a condition of probation upon a defendant's conviction of a crime which is not directly punishable by a fine. More particularly, the question is, given the absence of any provision for a fine under Alaska's polygamy statute, did this circumstance bar the superior court from imposing a $3,000 fine as a condition of probation.[4]

Brown first argues that the sentencing court is limited to imposing the sentence which has been legislatively prescribed. In support of this assertion Brown cites AS 11.05.140 which reads in part, "The court authorized to pass sentence shall determine and impose the punishment prescribed." [5] Appellant then argues that from the federal cases which have dealt with the issue it is clear that the superior court lacked authority to impose a fine as a condition of probation unless the crime with which the defendant was charged called for such a penalty.[6] Since the only legislatively authorized punishment for conviction of the crime of polygamy is that of incarceration, appellant concludes that the superior court's imposition of a fine as a condition of probation lacks legal basis.

The state agrees with appellant to the extent that it concedes that the sentencing court, in imposing a fine as a separate punishment, is limited by the penalty section of the statute violated. On the other hand, in the circumstance where the court imposes

---

**2.** This special condition was imposed in addition to what has been characterized as general conditions of probation, *i.e.,* compliance with all municipal, state and federal laws and ordinances, etc.

**3.** Appellant's application was filed pursuant to Criminal Rule 35(a) and (b)(2) and (3). Rule 35(a) where applicable provides:

> The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed . . . .

Criminal Rule 35(b)(2) and (3) provide for post-conviction relief in the following circumstances:

> Any person who has been convicted of, or sentenced for, a crime and who claims:
>
> (2) that the court was without jurisdiction to impose sentence;
> (3) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
>
> may institute a proceeding under this rule to secure relief.

**4.** AS 11.40.050 provides in part:

> *Polygamy.* A person who, having a spouse, marries another . . . is guilty of polygamy, and is punishable by imprisonment in the penitentiary for not more than seven years nor less than one year.

**5.** Appellant also cites *United States v. Watkinds,* 6 F. 152 (D.Or.1881), for the proposition that AS 11.05.140 limits the trial court's power to determine and impose punishment.

**6.** The entire body of federal case law referred to by appellant consists of *United States v. Temple,* 372 F.2d 795 (4th Cir. 1966), *cert. denied,* 386 U.S. 961, 87 S.Ct. 1024, 18 L.Ed.2d 110 (1967), and *Mitchem v. United States,* 193 F.2d 55 (5th Cir. 1951).

Appellant relies on federal authority since Alaska's probation statutes, AS 12.55.080, AS 12.55.090 and AS 12.55.100 closely parallel the federal statute, 18 U.S.C. § 3651, which empowers federal district courts to grant probation. The texts of these statutes will be set forth subsequently.

the fine as a condition of probation, the state contends that the penalty provision of the statute in question does not have any limiting effect upon the sentencing court's discretion. We agree with the state's position.

Before turning to an analysis of the state's arguments which we have found persuasive, we think it appropriate to briefly sketch the relevant statutory framework against which this appeal must be resolved.

AS 12.55.080 provides in part that the sentencing court,

> [u]pon entering a judgment of conviction of a crime . . . when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may suspend the imposition or execution or balance of the sentence . . . and place the defendant on probation for a period and upon the terms and conditions as the court considers best.

In regard to the granting of probation, AS 12.55.090(a) provides in part that:

> Probation may be granted whether the crime is punishable by fine or imprisonment or both. If a crime is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment.

Also of significance to this appeal is AS 12.55.100(a) which provides in part that:

> While on probation and among the conditions of probation, the defendant may be required
>
> (1) to pay a fine in one or several sums.[7]

Our analysis of AS 12.55.080(a) and AS 12.55.100(a)(1) has led us to the conclusion that the distinction the state would have us draw between imposition of a fine as punishment and imposition of a fine as a condition of probation is a valid one. AS 11.05.140 limits the permissible range of punishment to that prescribed by the penalty provisions of the statute found to have been violated. Admittedly, interpretation of AS 12.55.090(a) is not free from doubt. We think that an appropriate construction of the segment of this statute which provides "[i]f a crime is punishable by both fine and imprisonment the court may impose a fine and place the defendant on probation as to imprisonment" is that it authorized the trial court to impose a fine as a separate punishment in addition to probation where the penalty provision of the violated criminal statute provides for both fine and imprisonment. Any fine meted out as a sanction by the trial court in such circumstances would be subject to the fine limitation prescribed under the penalty section of the statute involved.

On the other hand, we view AS 12.55.100(a)(1) as giving the sentencing court the authority to require the defendant

---

7. 18 U.S.C. § 3651, the federal counterpart of AS 12.55.080, As 12.55.090(a), and AS 12.55.100(a) reads in part as follows:

   Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, if the maximum punishment provided for such offense is more than six months, any court having jurisdiction to try offenses against the United States, when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, may impose a sentence in excess of six months and provide that the defendant be confined in a jail-type institution or a treatment institution for a period not exceeding six months and that the execution of the remainder of the sentence be suspended and the defendant placed on probation for such period and upon such terms and conditions as the court deems best.

   Probation may be granted whether the offense is punishable by fine or imprisonment or both. If an offense is punishable by both fine and imprisonment, the court may impose a fine and place the defendant on probation as to imprisonment. Probation may be limited to one or more counts or indictments, but, in the absence of express limitation, shall extend to the entire sentence and judgment.

   .    .    .    .    .

   While on probation and among the conditions thereof, the defendant—
   May be required to pay a fine in one or several sums; and
   May be required to make restitution or reparation to aggrieved parties for actual damages or loss caused by the offense for which conviction was had.

to pay a fine as a condition of probation regardless of whether the statute upon which the defendant was convicted carries the sanction of a fine.[8] Inherent in our conclusion is that we cannot read the term "fine," as employed in AS 12.55.100(a)(1), as having exclusive reference to punishment as that term is used in AS 12.55.090(a).[9] Nor do we believe federal authority interpreting 18 U.S.C. § 3651, which is substantially similar to Alaska's statutes in question in this appeal, is clearly controlling.

Appellant places heavy reliance upon *United States v. Temple,* 372 F.2d 795 (4th Cir. 1966), *cert. denied,* 386 U.S. 961, 87 S.Ct. 1024, 18 L.Ed.2d 110 (1967). There the defendant was prosecuted for the offense of criminal contempt of court in violation of 18 U.S.C. § 401 which provides for punishment by "fine or imprisonment." After looking to the provisions of 18 U.S.C. § 3651, the court stated:

> It follows, therefore, that the court may not impose a fine *and* place the defendant on probation if the offense is punishable by fine *or* imprisonment. Cf. *Mitchem v. United States,* 193 F.2d 55 (5 Cir. 1951); *United States v. Taylor,* 305 F.2d 183 (4 Cir. 1962).

We think this limitation is applicable where the fine is made a condition of probation.[10]

We disagree with the reasoning of the majority in *Temple* for we believe that decision fails to draw the distinction which is inherent in Alaska's statutes,[11] namely, that the power to impose a fine as a condition of probation and the power to impose a fine as punishment in addition to probation are separate powers, controlled respectively by AS 12.55.100(a)(1) and AS 12.55.090(a).

■ Given the specific authorization emanating from AS 12.55.100(a)(1) which permits the trial court to impose a fine as a condition of probation, together with the need for flexibility on the part of the sentencing court in fashioning appropriate conditions of probation, where probation is warranted, a rational harmonization and construction of AS 12.55.090(a) and AS 12.55.100(a)(1) has led us to the conclusion that the sentencing court in the case at bar was empowered to make payment of a fine a condition of probation even in the circumstance where the crime is only punishable by imprisonment, or by imprisonment or fine.[12]

---

8. In *Scalia v. United States,* 62 F.2d 220 (1st Cir. 1932), the court drew a distinction between a payment being punishment or being a condition of probation. Further, in *Mitchem v. United States,* 193 F.2d 55, 58 (5th Cir. 1951), it was stated that the trial court had the power to impose a fine "either as a matter of punishment or as a condition of probation."

9. Appellant argues that since 18 U.S.C. § 3651 contains, in one statute, all of the provisions of AS 12.55.080, AS 12.55.090 and AS 12.55.100, it follows that the term "fine" refers to punishment.

10. 372 F.2d at 799. (footnote omitted; emphasis in original)

11. In our view the *Mitchem* and *Taylor* decisions furnish weak support for the *Temple* court's narrow construction of the valid use of fines as a condition of probation. As indicated earlier, the court in *Mitchem v. United States,* 193 F.2d 55, 58 (5th Cir. 1951), recognized a

distinction between a fine as a separate punishment and a fine as a condition of probation. Further, the relevant penal statute in *Mitchem* provided sanctions for both imprisonment and a fine. *United States v. Taylor,* 305 F.2d 183 (4th Cir. 1962), involved restitution, not fine.

12. *Compare People v. Kuhlman,* 86 Cal.App.3d 566, 195 P.2d 53 (1948). Additionally, we think there is considerable merit in the state's position that "If the appellant's argument were taken to its logical conclusion, then any condition of probation authorized under the probation statute, AS 12.55.100, would be limited to the punishment prescribed for the commission of the offense. Certainly it cannot be argued that . . . no amount of restitution could be ordered if there were no provision for a fine in the statute." For it is our view that the legislature intended that conditions or probation could include matters not set forth as punishment for the offense itself.

Thus, we hold that appellant's motion to expunge the special condition of probation which required him to pay a fine in the amount of $3,000 was properly denied by the superior court.[13]

Affirmed.[14]

13. *In re Osslo,* 51 Cal.2d 371, 334 P.2d 1, 8 (1958), *cert. denied,* 357 U.S. 907, 78 S.Ct. 1152, 2 L.Ed.2d 1157, states in part that:

> The statutes concerning probation contain no provision as to its acceptance or rejection. However, it is settled that a defendant has the right to refuse probation, for its conditions may appear to defendant more onerous than the sentence which might be imposed. (citations omitted)

In a similar vein the court in *People v. Frank,* 94 Cal.App.2d 740, 211 P.2d 350, 351 (1949), quoting from *People v. Billingsley,* 59 Cal. App.2d Supp. 846, 139 P.2d 362, 364 (1943), said:

> The right of a defendant to refuse probation is a necessary safeguard against the possibili-ty that the conditions of probation may be more onerous than the sentence.

We are in agreement with these authorities and are of the view that under Alaska's statutes governing probation the defendant can refuse probation if he deems the terms too onerous.

14. Whether the fine imposed as a condition of probation was an appropriate sentence in the instant circumstance, and whether or not the amount of the fine is excessive, are not ques-tions which we have been asked to review in this appeal. We further note that no issue has been raised in this appeal concerning the fact that there is no limit placed on the amount of fine authorized as a condition of probation un-der AS 12.55.100(a)(1).