Dale STONE, Jr., Appellant,

v.

STATE of Alaska, Appellee.

No. A–245.

Court of Appeals of Alaska.

Nov. 16, 1984.

Douglas Pope, Pope & Rogers, Juneau, for appellant.

John A. Scukanec, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Dale Stone, Jr., was convicted after pleading *nolo contendere* to an indictment charging him with sale of cocaine in violation of former AS 17.10.010. Superior Court Judge Walter Carpeneti suspended the imposition of Stone's sentence and placed him on probation for a period of five years. As conditions of probation, Judge Carpeneti required Stone to serve two years in prison and pay a fine of $10,000. Stone subsequently moved to correct his sentence, alleging that the maximum fine permitted for his offense was $5,000. Judge Carpeneti denied Stone's motion. This appeal followed.

On appeal, Stone challenges only the validity of the $10,000 fine imposed by the superior court. Stone points out that former AS 17.10.200(a),[1] the penalty provision governing his offense, provided for a maximum fine of $5,000. He contends that Judge Carpeneti had no authority to require him to pay a fine exceeding the amount expressly provided for by this statute, even though the fine was imposed as a condition of probation.

In response to Stone's argument, the state argues that Judge Carpeneti's authority to impose a fine as a condition of probation did not derive from the penalty provision of AS 17.10.200(a), but rather from AS 12.55.100(a)(1), which provides:

> While on probation and among the conditions of probation, the defendant may be required
> (1) to pay a fine in one or several sums
> . . . .

The state's position is that the authority to impose fines as a condition of probation, as conferred by this provision, is independent of the authority to impose a fine as punishment pursuant to the penalty provisions of a substantive criminal statute. Thus, the state reasons that the maximum fine provided for in AS 17.10.200(a) did not restrict the court's authority to impose a fine against Stone as a condition of probation. Since AS 12.55.100(a)(1) contains no limitation on the permissible amount of a fine imposed as a condition of probation, the state reasons that a $10,000 fine was not prohibited.

---

1. Former AS 17.10.200(a) provided, in relevant part:

   A person who violates any provision of this chapter except a provision relating to the keeping of records, upon conviction, is punishable by a fine of not more than $5,000 and by imprisonment for not less than two nor more than ten years.

In support of its position, the state relies on *Brown v. State*, 559 P.2d 107 (Alaska 1977). In that case, Brown was convicted of polygamy, a violation of former AS 11.40.050. Under the polygamy statute, a maximum penalty of seven years' imprisonment was permitted but no provision was made for payment of a fine. Nevertheless, in sentencing Brown, the superior court placed Brown on probation and ordered him to pay a fine of $3,000 as a condition of probation. Brown appealed, contending that the court had no authority to impose a fine as a condition of probation because no fine was permitted for the substantive offense of which he had been convicted.

The supreme court disagreed, holding that AS 12.55.100(a)(1) authorized imposition of a fine despite the absence of any provision for a fine in the polygamy statute:

> Given the specific authorization emanating from AS 12.55.100(a)(1) which permits the trial court to impose a fine as a condition of probation, together with the need for flexibility on the part of the sentencing court in fashioning appropriate conditions of probation, where probation is warranted, ... [we conclude] that the sentencing court in the case at bar was empowered to make payment of a fine a condition of probation even in the circumstance where the crime is only punishable by imprisonment, or by imprisonment or fine.

*Id.*, 559 P.2d at 110 (footnote omitted).

■ Stone nevertheless maintains that *Brown* is not dispositive in the present case. We agree. *Brown* held that the sentencing court is vested with authority under AS 12.55.100(a)(1) to impose a fine as a condition of probation when the penalty provision of a criminal statute does not expressly authorize payment of a fine. *Brown* did not, however, decide the effect of an express statutory provision limiting the maximum fine payable upon conviction

of an offense. Thus, we do not read *Brown* to hold that the penalty provisions of a criminal statute are in all circumstances irrelevant to the determination of a sentencing court's authority to impose a fine as a condition of probation under AS 12.55.100(a)(1). While the distinction between the present case and *Brown* is a subtle one, we think it is significant.

■ On the one hand, the legislature, in enacting AS 17.10.010, expressly stated its view that the maximum permissible fine for conviction of sale of cocaine, the offense for which Stone was convicted, should be $5,000. On the other hand, as interpreted by the supreme court in *Brown*, AS 12.55.100(a)(1) authorizes imposition of a fine but does not specify any limit on the amount. We believe the existence in this case of an express legislative limitation on the permissible amount of a fine effectively conflicts with the apparent open ended authority provided for under AS 12.55.100(a)(1). In keeping with accepted principles of statutory construction, this conflict must be resolved in favor of the more specific of the two statutes. *See Bulova Watch Co. v. United States*, 365 U.S. 753, 758, 81 S.Ct. 864, 867, 6 L.Ed.2d 72, 76 (1961); *Sprague v. State*, 590 P.2d 410, 415 n. 14 (Alaska 1979); 2A C. Sands, *Sutherland Statutory Construction* § 51.05, at 315 (4th Ed.). *Cf. National Bank of Alaska v. State Dep't of Revenue*, 642 P.2d 811, 817–18 (Alaska 1982). Moreover, by resolving the ambiguity between AS 17.10.200(a) and AS 12.55.100(a)(1) to give effect to the maximum penalty provided for in the criminal statute, consistency will be maintained with the general rule requiring ambiguous penal provisions to be construed in favor of the accused. *See Flink v. State*, 683 P.2d 725, 733 (Alaska App.1984); *State v. Rastopsoff*, 659 P.2d 630, 640 (Alaska App.1983); *Sutherland Statutory Construction* § 59.03, at 26.

Accordingly, we hold that, in the present case, the $5,000 maximum fine provided for

in AS 17.10.010 constitutes an implied limitation on the court's authority to impose a fine as a condition of probation under AS 12.55.100(a)(1).[2]

The judgment of the superior court is REVERSED, and this case is REMANDED for resentencing.

BRYNER, C.J., dissents.

**2.** Chief Judge Bryner dissents from the conclusion reached by the court. Judge Bryner would hold that this case is squarely governed by the supreme court's decision in *Brown v. State.* *Brown* holds that a fine imposed as a condition of probation does not constitute punishment. *Brown* further holds that penalty provisions governing criminal offenses relate exclusively to the court's authority to impose punishment. It follows that—regardless of whether a fine is provided for or not—under *Brown* the penalty provision of a criminal statute is simply irrelevant in determining the amount of the fine that may be imposed as a condition of probation under AS 12.55.100(a)(2).

Judge Bryner would further hold that, since any fine imposed by the sentencing court as a condition of probation must be reasonably related to the defendant's rehabilitation, the legislative grant embodied in AS 12.55.100(a)(1) does not amount to an unconstitutional delegation of legislative authority to the judiciary, despite the absence of specific restrictions. *See Sprague v. State,* 590 P.2d 410, 415 (Alaska 1979); *Oyoghok v. Anchorage,* 641 P.2d 1267, 1270 (Alaska App. 1982). The sentencing court's power to impose fines as a condition of probation under AS 12.-55.100(a)(1) should be determined on a case-by-case basis in light of the defendant's need for and interest in rehabilitation.