**Lemmie L. ZIMMERMAN, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–921.

Court of Appeals of Alaska.

Sept. 27, 1985.

Kevin F. McCoy, Asst. Public Defender, Kenai, and Dana Fabe, Public Defender, Anchorage, for appellant.

Shannon D. Turner, Asst. Dist. Atty., Thomas Wardell, Dist. Atty., Kenai, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Lemmie L. Zimmerman pled *nolo contendere* and was convicted of attempted arson in the second degree, a class C felony. AS 11.46.410; AS 11.31.100. Superior Court Judge Charles K. Cranston sentenced her to two years' imprisonment and suspended all but ninety days. He placed Zimmerman on probation for five years, subject to certain conditions of probation, only one of which is in issue here. Zimmerman appeals her sentence. She challenges the order requiring her to make restitution. She contends that the trial court's order that she pay $5,700 restitution was not supported by a finding that she had the future earning capacity necessary to make restitution. The order, in her view, was therefore in violation of statute. We agree and remand.

Zimmerman and her husband are separated. Zimmerman's husband remained in the family residence and Zimmerman moved elsewhere. On August 28, 1984, Zimmerman returned to the family residence and intentionally set a fire in order to scare her husband. The fire was set through the use of a kerosene drenched log and blanket ignited inside a smoker (device for smoking fish). The damages constituted $5,700. Under Mr. Zimmerman's fire insurance policy, he paid a $1,000 deductible and State Farm Insurance Company paid the remaining $4,700.

The parties debated the issue of restitution before the trial court. Zimmerman stressed the fact that she is currently unemployed, has very little income, and will find it very difficult if not impossible to find employment. She emphasized that she has severe physical injuries consisting of arthritis and a temporal mandible joint disorder. Her probation officer's report reflected that Zimmerman was forty-six years old, and that her primary job through her adult life has been home maintenance and child rearing. She worked occasionally as a cook and operated a process-serving business out of her home for several years, until 1983. She did not graduate from high

school, though she did attain her G.E.D. (high school equivalency certificate). In addition, the court considered a psychological evaluation performed by the Central Peninsula Mental Health Center. Zimmerman has a history of psychiatric hospitalization and would benefit from future psychological counseling. The court also reviewed reports from the Alaska Psychiatric Institute covering Zimmerman's two hospitalizations there.

The trial court ordered Zimmerman to make restitution in the amount of $5,700 over a five-year period. He established the following schedule:

> You are to pay restitution through the Clerk of Court, 145 Main Street Loop, Room 106, Kenai, in a total amount of $5,700 within five years. The first $1,000 will be disbursed through the Court to William Zimmerman and must be paid within eighteen months following release. The remainder to be paid in equal installments over the remaining three years for disbursement to State Farm Insurance Company.

Essentially, Zimmerman will be responsible for payments amounting to approximately $55 per month for the first eighteen months, and installments of $130 during the remaining thirty-six months.

Zimmerman argues that in light of her physical and mental condition, her age, and her history of sporadic employment, this was a case in which the court was required to dispense with restitution and leave the parties to their civil remedies. In essence, Zimmerman argues that she is permanently, totally disabled and has no future earning capacity. Any award of restitution would therefore be inappropriate, in her view. Zimmerman relies on AS 12.55.-100(a)(2), which provides:

> While on probation and among the conditions of probation, the defendant may be required ... to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had.

She also relies on AS 12.55.045(a), which provides in relevant part:

> In determining the amount and payment of restitution, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.

In *Karr v. State*, 686 P.2d 1192 (Alaska 1984), the supreme court held that the trial court, at the time of imposing sentence, must determine the total amount of restitution to be paid and the terms of payment. 686 P.2d at 1197 n. 15. The court said:

> [T]he superior court should make a serious inquiry into [the defendant's] ability to pay restitution and order restitution accordingly. This inquiry should include an analysis of any assets that [the defendant] presently owns, her past earning capacity and potential in the future as a wage earner, based on her experience, training, and any other relevant factors.

686 P.2d at 1197 (footnote omitted).

Zimmerman has no assets. During most of her life, she has not worked outside the home and therefore has no established past earning capacity. Her most recent employment apparently was at a convenience market and lasted only two days allegedly because of pain from her physical ailments.

The trial court could not make a valid restitution order without determining Zimmerman's future earning capacity. Necessarily, such a determination requires preliminary findings of fact regarding her mental and physical health, her education, her job skills if any, the kinds of jobs which she has held in the past and is capable of performing in the future and the availability of such jobs in the communities in which Zimmerman will likely reside. Once these findings are made, the court is in a position to determine Zimmerman's likely future earnings and the extent to which those earnings will cover her likely future expenses for food, clothing and shelter and leave her a surplus out of which to pay restitution. While the presentence report does recommend restitution, it does not discuss Zimmerman's earning capacity or the kinds of jobs that she could reasonably be expected to perform in the future. It is

345

therefore necessary that this case be remanded to the trial court for further findings. Since the parties may not have appreciated the need to establish Zimmerman's earning capacity at the sentencing hearing, they should, on request, be given a reasonable opportunity to do so.

We recognize that restitution is a favored remedy in criminal cases. *See Leuch v. State*, 633 P.2d 1006, 1012–14 (Alaska 1981). The requirement that an award only be made where it is within the defendant's earning capacity should not discourage courts from imposing restitution where warranted.

The order of the superior court setting restitution is VACATED and the case REMANDED for further proceedings to determine Zimmerman's earning capacity.