Victor C. ASHTON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1944.

Court of Appeals of Alaska.

June 5, 1987.

Craig S. Howard, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Leonard M. Linton, Jr., Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

SINGLETON, Judge.

Victor C. Ashton pled no contest and was convicted of failure to appear for sentencing on a felony offense. Failure to appear is a felony punishable by a fine of not more than $5,000 or ,by imprisonment for not more than five years. AS 12.30.060(1). At sentencing, the state presented evidence that the approximate cost of bringing Ashton back to Alaska was $2,127.52. The state requested that Ashton be required to repay this amount. Superior Court Judge Mark C. Rowland sentenced Ashton to six months in jail and, as a special condition of probation, required him to pay a fine of $2,127.52.

■ Ashton appeals only the fine. He argues that the trial court never took into account his financial resources or the nature of the burden payment would impose. We agree and reverse.

A court imposing sentence on a defendant may impose a fine when authorized by law or as provided in AS 12.55.035. *See* AS 12.55.015. Alaska Statute 12.55.035 provides in relevant part:

Upon conviction of an offense, defendant may be sentenced to pay a fine as authorized in this section or as otherwise authorized by law. *In determining the amount and method of payment of a*

concerned us in *Balthazor v. State,* 653 P.2d 662, 664 (Alaska App.1982).

*fine, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.* No defendant may be imprisoned solely because of inability to pay a fine. [Emphasis added.]

It does not matter whether we characterize the payment Ashton was ordered to make as restitution or as a fine because the statutes governing restitution impose a similar requirement. Alaska Statute 12.55.045 provides in relevant part:

> The court may order a defendant convicted of an offense to make restitution as provided in this section or as otherwise authorized by law. *In determining the amount and method of payment of restitution, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.* [Emphasis added.]

The state concedes that the trial court never "[took] into account the financial resources of the defendant and the nature of the burden [the fine assessed] will impose." The state argues, however, that under the

totality of the circumstances, this failure was harmless error. We disagree.

 The trial court is under a mandatory duty to consider a defendant's earning capacity in connection with any imposition of a fine or restitution. Failure to do so requires automatic reversal and remand. *See, e.g., Karr v. State,* 686 P.2d 1192 (Alaska 1984); *Kramer v. State,* 735 P.2d 754 (Alaska App.1987). It is necessary, therefore, that we remand this case to the trial court to determine Ashton's earning capacity and the "nature of the burden" payment of the fine will impose on Ashton. *See, e.g., Zimmerman v. State,* 706 P.2d 343, 344–45 (Alaska App.1985).

■ The order of the superior court imposing a fine is VACATED and this case REMANDED to determine Ashton's earning capacity in order to determine an appropriate fine.[1]

---

1. Ashton also argues that a fine in the amount of $2,127.52 is excessive regardless of his earning capacity. He reasons that since the maximum fine is $5,000, it should be reserved for "worst offenders." In Ashton's view, his offense was fairly trivial and thus would warrant a significantly smaller fine. It is true that a maximum prison sentence should not be imposed unless the defendant can be properly termed a

worst offender. *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975). However, different rules govern the imposition of fines, which are essentially calculated on the basis of ability to pay. *See, e.g.,* AS 12.55.035. A maximum fine does not necessarily indicate that the defendant is a "worst offender." We therefore reject Ashton's argument.