Peter KARL, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2497.

Court of Appeals of Alaska.

March 17, 1989.

---

**300**

Galen Paine, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Herbert D. Soll, Dist. Atty., Bethel, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

PER CURIAM.

Peter Karl pled no contest and was convicted of one count of assault in the third degree, a class C felony. AS 11.41.-220(a)(1) (a person commits the crime of assault in the third degree if that person recklessly places another person in fear of imminent serious physical injury by means of a dangerous instrument). The court sentenced Karl to five years with four years suspended. Karl was also ordered to pay $2,870.42 in restitution, $2,000 of which was to be paid immediately from his bank account. Karl was also ordered to attend three Alcoholics Anonymous meetings a week for five years after his release.

Karl appeals, challenging the judgement of conviction in two respects. First, Karl contends that the trial court erred in ordering him to forfeit $2,000 out of the $2,600 in his bank account without holding an evidentiary hearing to determine: (1) his ability to pay, and (2) the source of the funds in his bank account. Second, Karl contends that the court ordered him to attend the Alcoholics Anonymous meetings without first determining if the Alcoholics Anonymous program is appropriate for his

needs. We affirm the restitution order, but reverse the requirement that Karl attend meetings of Alcoholics Anonymous.

The record reflects that Karl became intoxicated in his home village of Toksook Bay, Alaska. He found a rifle and fired shots into an automobile and buildings. The village public safety officer was in one of the buildings, and two people were sleeping in another. Karl caused approximately $2,870.42 worth of damage to the automobile.

Karl conceded that he should make restitution, but argued that he was entitled to an evidentiary hearing to determine his ability to pay. The court learned that Karl had a bank account containing approximately $2,600. The court ordered immediate restitution of $2,000, but offered Karl a future hearing, in the nature of an exemption hearing, in which Karl could offer reasons why the $2,000 should not be immediately paid. Karl argues that an evidentiary hearing to determine ability to pay is a prerequisite to an order of restitution and in the absence of such a hearing, reversal is automatic. *See Ashton v. State,* 737 P.2d 1365, 1366 (Alaska App.1987); *Kramer v. State,* 735 P.2d 754, 756 (Alaska App. 1987).

Karl is correct that when the trial court orders a convicted person to make restitutionary payments out of current earnings, it first must hold an evidentiary hearing to establish that the defendant has some likelihood of having the current earnings necessary to pay the restitution. In contrast, when the defendant has current assets which can be used to pay restitution, the court may simply order restitution in the amount of the current assets, and need not hold a hearing to determine the defendant's future earning capacity. Of course, provisions should be made to enable other claimants of the assets to assert their rights and the defendant should be allowed to argue any exemptions he or she should be granted in equity or law. In this case, the trial court provided for the equivalent of an exemption hearing. In doing so, the trial judge simply put the burden on the defendant to notice the hearing and alert other

persons claiming an interest in the funds to make their claims. Under the circumstances, this was not inappropriate.

 Karl concedes that he has a substantial problem with substance abuse. Karl also agrees that the trial court can order substance abuse treatment if it determines that such treatment is appropriate. However, Karl objects to the specific requirement that he attend three Alcoholics Anonymous meetings per week for a period of five years because, he argues, there is nothing in the record to establish that Alcoholics Anonymous is appropriate for him. Karl compares attendance of the meetings to performing community service, and notes that if each meeting is one hour long, the court has effectively sentenced him to 780 hours of community service, without any basis in the record for determining that such service would be of value to him. Karl is particularly concerned that the trial court may have relied on its own out-of-court experiences, and on its own evaluation of treatment programs in determining what was appropriate for Karl.

We agree that the trial court's decision is insufficiently explained and does not have adequate support in the record.

Normally, the court should not, in the absence of an express stipulation, order particular programs without a firm basis in the record for choosing the program or without allowing the defendant the option to substitute his own program.[1]

We therefore conclude that we must vacate the provision in Karl's judgment ordering him to attend Alcoholics Anonymous meetings. This case is remanded for further proceedings in the trial court to determine whether Karl is in need of alcohol treatment and, if so, to determine what program would be appropriate to meet his needs. The trial court should not select a particular program until it has heard evidence and the arguments of the parties.

This case is REMANDED to the superior court for further proceedings consistent with this opinion.

---

1. We recognize that no probation officer participates in misdemeanor sentencing. Under such circumstances, a full evidentiary hearing to determine appropriate treatment may not be in the interest of the court or the parties. In such a case, an order directing the defendant to attend one or two Alcoholics Anonymous meetings might not be inappropriate. As Karl points out, however, he is in effect required to attend 780 hours of meetings without anything in the record establishing that the meetings are appropriate for him or likely to aid in his rehabilitation.